**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **AMENDED SEALED ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission, has filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and has moved for a temporary restraining order ("TRO"), asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against individual defendants James D. Noland, Jr. ("Jay Noland"), Lina Noland ("Lina Noland"), Scott A. Harris ("Harris"), and Thomas G. Sacca, Jr. ("Sacca") (collectively, the "Individual Defendants") and corporate entities Success by Media Holdings Inc. and Success by Media LLC (together, the "Corporate Defendants" or "Success By Media"). (Doc. 3 [complaint]; Doc. 7 [motion for TRO]; Doc. 8 [supporting memorandum].)

As explained below, although the Court generally agrees that the FTC has met its burden of establishing an entitlement to a TRO, the Court declines to issue the writ *ne exeat republica* sought by the FTC as to James Noland. The Court also finds that the FTC has not made a specific showing necessary to justify all of the relief it seeks as Sacca. The

motion is otherwise granted.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for TRO, declarations, exhibits, and the memorandum filed in support thereof, and being otherwise advised, finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B. There is good cause to believe that Defendants have operated and promoted a marketing scheme in which they are:

    1. Operating as an illegal pyramid scheme;

    2. Falsely representing that members of the Success By Health program (called "Affiliates") are likely to earn substantial income;

    3. Providing the means and instrumentalities for the commission of deceptive acts and practices by furnishing Affiliates with promotional materials containing false and misleading representations to be used in recruiting new participants;

    4. Not providing consumers with required notices about their right to cancel and obtain a refund, or providing consumers with such a refund when requested, for certain sales; and

    5. For products not shipped within 30 days from purchase, not providing consumers a revised shipping date and the opportunity to cancel and receive a refund, and not providing such refund when requested.

C. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the Mail, Internet, or Telephone Order Merchandise Rule ("Merchandise Rule"), 16 C.F.R. Part 435; and the Rule Concerning Cooling-Off Period for Sales Made at Homes or at Certain Other Locations ("Cooling-Off Rule"), 16 C.F.R. Part 429, and that Plaintiff is

therefore likely to prevail on the merits of this action. As demonstrated by detailed evidence, including statements from consumers and Defendants' former Affiliates, sales scripts, recruiting scripts and presentations, promotional videos, transcripts of Success By Media events and conference calls, videos and recordings of Defendants, and expert testimony, the FTC has established a likelihood of success in showing that Defendants have operated an illegal pyramid scheme and made false, misleading, and deceptive misrepresentations.

D.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the Merchandise Rule, and the Cooling-Off Rule unless Defendants are restrained and enjoined by order of this Court.

E.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, disgorgement, or refunds – will likely occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.[1]

F.     Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting the Plaintiff and the Receiver immediate

---

[1]     With that said, and as discussed during the hearing on January 9, 2020, the Court has some concern about its authority to grant a TRO in this context without providing notice to the restrained parties. The plain text of 15 U.S.C. § 53(b), under which the FTC brings this action, states that a TRO may issue only "after notice to the defendant." That said, the Ninth Circuit has read two distinct provisos into the statute. *FTC v. Consumer Defense, LLC,* 926 F.3d 1208, 1212 (9th Cir. 2019). Under the second proviso, which the FTC utilizes here, the Ninth Circuit has stressed that district courts have the authority "to grant any ancillary relief necessary to accomplish complete justice because [§ 53(b)] did not limit that traditional equitable power." *FTC v. H. N. Singer, Inc.* 668 F.2d 1107, 1113 (1982). Although *Singer* and *Consumer Defense* did not specifically address whether these broad equitable powers include the ability to issue a no-notice TRO at the FTC's request— and although the second proviso of § 53(b) only mentions permanent injunctions, not TROs—the Court acknowledges that many other district courts faced with this question have granted the relief the FTC seeks.

- 3 -

access to the Defendants' business premises, and permitting the Plaintiff and the Temporary Receiver to take expedited discovery.

G.     Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.  That said, the evidence produced by the FTC does not justify the extraordinary relief of a writ *ne exeat republica*.

H.     This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

I.     No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, whether tangible, intangible, digital, or otherwise, including, but not limited to, digital currencies, virtual currencies, digital tokens, and cryptocurrencies.

B.     "**Corporate Defendants**" means Success By Media Holdings Inc. and Success By Media LLC and each of their subsidiaries, affiliates, successors, and assigns.

C.     "**Defendants**" means the Corporate Defendants, James D. Noland, Jr., Lina Noland, Scott A. Harris, and Thomas G. Sacca, Jr., individually, collectively, or in any combination.

D.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP

Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

F. "**Individual Defendant(s)**" means James D. Noland, Jr., Lina Noland, Scott A. Harris, and Thomas G. Sacca, Jr., individually, collectively, or in any combination.

G. "**Marketing Program**" includes, but is not limited to, any multilevel, affiliate, or network marketing program, business opportunity, pyramid marketing scheme, Ponzi scheme, or chain marketing scheme.

H. "**Temporary Receiver**" means the temporary receiver appointed in Section XV of this Order and any deputy receivers that shall be named by the temporary receiver.

I. "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing of programs, opportunities, or services offered by Success By Media, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Temporary Receiver determines is controlled or owned by any Defendant.

## ORDER

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them,

who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Marketing Program, are temporarily restrained and enjoined from:

A. Engaging in, participating in, assisting others, or providing others with the means and instrumentalities to engage or participate in, any Marketing Program that:

1. Pays compensation for recruiting new members;

2. Encourages or incentivizes members to purchase goods or services to obtain or maintain eligibility for bonuses, rewards, or commissions rather than for resale or personal use;

3. Induces others to encourage or incentivize members to purchase goods or services to obtain or maintain eligibility for bonuses, rewards, or commissions rather than for resale or personal use;

4. Pays any compensation related to the purchase or sale of goods or services unless such compensation is for sales to or purchases by persons who are not members of the Marketing Program and who were not being recruited to become members of the Marketing Program;

5. Fails to monitor and take all reasonable steps necessary to ensure that any compensation paid is for sales to or purchases by persons who are not members of the Marketing Program and who were not being recruited to become members of the Marketing Program; or

6. Constitutes a pyramid scheme or chain marketing scheme.

B. Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that consumers who participate in a Marketing Program will receive or are likely to receive substantial income, as well as any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

C.     For any sale for $25 or more made at the residence of the buyer, or of $130 or more for sales made at a location other than Defendants' place of business, failing (1) to inform any consumer, orally and in writing in a bold, size 10-point font, of the consumer's right to cancel the purchase without penalty within 3 business days and obtain a full refund; and (2) failing to provide such refund within 10 business days of request.

D.     Failing, with respect to any merchandise sold by Defendants by mail, via the Internet, or by telephone that is not shipped within 30 days or within any other time that is clearly and conspicuously displayed at the time of purchase, to offer the buyer the option to cancel the order and receive a full refund or to consent to a delay; and failing to provide consumers a refund when requested under those conditions.

**II.     PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.     Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in

the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

      1.    owned or controlled, directly or indirectly, by any Defendant;

      2.    held, in part or in whole, for the benefit of any Defendant;

      3.    in the actual or constructive possession of any Defendant; or

      4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled or leased in the name of any Defendant, or subject to access by any Defendant, except as necessary to comply with written requests from the Temporary Receiver acting pursuant to its authority under this Order;

C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.     Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Temporary Receiver or repatriation of foreign Assets specifically required by this Order or expenditures by the Individual Defendants for minor, day-to-day living expenses.

## IV.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a)     has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b)     has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c)     has extended credit to any Defendant, including through a credit card account, shall:

A.     Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.     Deny any person, except the Temporary Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.     Provide Plaintiff's counsel and the Temporary Receiver, within 3 days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

      1.     The identification number of each such account or Asset;

      2.     The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

      3.     The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.     Upon the request of Plaintiff's counsel or the Temporary Receiver, promptly provide Plaintiff's counsel and the Temporary Receiver with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts,

deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Temporary Receiver or repatriation of foreign Assets specifically required by this order.

## V.   FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that the Corporate Defendants, James D. Noland, Jr., Lina Noland, and Scott A. Harris, within 5 days of service of this Order, shall prepare and deliver to Plaintiff's counsel and the Temporary Receiver:

A.    completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.    completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.[2]

## VI.   FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within 5 days following the service of this Order, the Corporate Defendants, James D. Noland, Jr., Lina Noland, and Scott A. Harris shall:

A.    Provide Plaintiff's counsel and the Temporary Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of

---

[2]    The obligations in Sections V and VI do not apply to Thomas G. Sacca, Jr. Although the FTC has provided evidence of the immediate need to identify further assets held by the other Individual Defendants, the same showing has not been made as to Sacca.  It is a significant step to require an individual who has not been found guilty of any crime, not been found liable for any civil wrongdoing, and not yet had a chance to be heard to disclose his financial and tax history to the FTC.  Thus, Sacca is not required to make the financial disclosures discussed in Section V and VI at this early juncture of the case.

any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.     Take all steps necessary to provide Plaintiff's counsel and Temporary Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**.

C.     Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.     The same business day as any repatriation, (1) notify the Temporary Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.     PRESERVATION OF RECORDS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any person who receives actual notice of this Order (by service or otherwise) that has held, controlled, or maintained custody of any Document on behalf of any Defendant that relates to the business or business practices of any Defendant or of any directly or indirectly under the control of any Defendant  are

hereby restrained and enjoined from destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any such Documents.

## XI. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII. INTERNATIONAL TRAVEL RESTRICTIONS AND SURRENDER OF PASSPORTS—WRIT *NE EXEAT*

**IT IS FURTHER ORDERED** that the FTC's motion for a writ *ne exeat republica* as to James D. Noland is **denied**. As an initial matter, it is unclear whether such a writ is available in this circumstance. The great majority of cases, including the jurisprudential underpinning of the modern writ *ne exeat*, found authority to grant such a writ in 26 U.S.C. § 7402. *See, e.g.*, *United States v. Shaheen*, 445 F.2d 6, 9 n.4 (7th Cir. 1971). Title 26 is the tax code—no analogue to § 7402 exists in Title 15, under which the FTC brings this action. Although counsel for the FTC indicated the All Writs Act, 28 U.S.C. § 1651, provides a basis for the requested writ in this case, the Court has not found any authority relying on the All Writs Act to issue such a writ. *Shaheen* itself does not cite the All Writs Act but relies entirely on § 7402.

Moreover, even if the Court had the authority to grant a writ *ne exeat republica*, it is not warranted in this case. A writ *ne exeat republica* is "an extraordinary writ" that requires a showing of "exceptional circumstances." *Shaheen*, 445 F.2d at 10. The FTC has failed to show such circumstances here. The FTC seeks this writ against James Noland only. The materials submitted by the FTC suggest that Noland left the United States months ago and has been absent from the country for an extended period of time. (Doc. 8 at 51.) It is unclear how a writ designed to keep Noland in the country would be of any benefit now that Noland is out of the country. Also, although the FTC argues that the writ is necessary to prevent the movement of Noland's assets out of the United States, it is unclear whether the addition of the writ (which may be beyond the Court's powers) would actually further this goal in light of the other (broad) relief the Court is granting.

## XIII. THIRD PARTY INTERNATIONAL TRAVEL PROVIDERS

**IT IS FURTHER ORDERED** that, in light of the Court's decision on the writ *ne exeat republica*, the FTC's request to enjoin common carriers from providing international travel to Noland is **denied**. The Court also notes that, even if it had granted the writ, it is not at all clear that it could practically order common carriers to prevent Noland's travels.

## XIV. TAMPERING

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from, in the course of this proceeding:

 A. Using or attempting to use force, the threat of force, or payment to influence, delay, or prevent the testimony of any person;

 B. Causing or inducing, or attempting to cause or induce, any person to:

  1. withhold testimony, or withhold a Document or other object;

  2. alter, destroy, mutilate, or conceal any Document or other object with intent to impair the integrity or availability of the item;

3. evade legal process summoning that person to appear as a witness, or to produce Document(s) or other object(s); or

4. be absent from an official proceeding to which that person has been summoned by legal process.

## XV. TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that attorney Kimberly Friday is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver. The Temporary Receiver shall be solely the agent of this Court in acting as Temporary Receiver under this Order.

## XVI. DUTIES AND AUTHORITY OF THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A. Assume full control of Receivership Entities by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C. Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D. Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Temporary Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership

Entities. The Temporary Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Temporary Receiver shall not attempt to collect any amount from a consumer if the Temporary Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E. Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Temporary Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit, as the FTC may provide in its discretion, for the purpose of obtaining electronic documents stored onsite or remotely.

F. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Temporary Receiver. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order,

except payments that the Temporary Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.     Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Temporary Receiver deems necessary or advisable:   (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Temporary Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Temporary Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Temporary Receiver, the United States Marshal will provide appropriate and necessary assistance to the Temporary Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.     Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

J.     Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.	Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.	Institute, compromise, adjust, appear in, intervene in, defend, dispose of, accept or direct service of process for, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Temporary Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Temporary Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.	Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.	Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Temporary Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Temporary Receiver shall serve copies of monthly account statements on all parties;

P.	Maintain accurate records of all receipts and expenditures incurred as Temporary Receiver;

Q.	Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.     Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.     Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.     Suspend business operations of the Receivership Entities if in the judgment of the Temporary Receiver such operations cannot be continued legally and profitably;

U.     If the Temporary Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Temporary Receiver's determination by filing a motion with the Court. Provided, however, that the Temporary Receiver may delay providing such notice until the Temporary Receiver has established control of the nonparty entity and its assets and records, if the Temporary Receiver determines that notice to the entity or the parties before the Temporary Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Temporary Receiver's control of the entity; and

V.     If in the Temporary Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

W.     Prepare a written report at or before any hearing described in Section XXIX, that describes (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) the Receiver's opinion on

whether any portion of the business of any of the Receivership Entities can continue to operate legally and profitably; and (5) any other matters which the Receiver believes should be brought to the Court's attention.

## XVII. TRANSFER OF RECEIVERSHIP PROPERTY TO THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Temporary Receiver in taking and maintaining possession, custody, and control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Temporary Receiver possession, custody, and control of, the following:

A.      All Assets held by or for the benefit of the Receivership Entities;

B.      All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.      All Documents of or pertaining to the Receivership Entities, including all communications occurring via electronic mail, electronic messaging service, or encrypted messaging service (including Silent Circle or WhatsApp);

D.      All computers, electronic devices, mobile devices, and machines used to conduct the business of the Receivership Entities, even if such computers, electronic devices, mobile devices, and machines are also used for non-business purposes;

E.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including

access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, encrypted messaging services (including Silent Circle and WhatsApp), or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Temporary Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVIII. PROVISION OF INFORMATION TO THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Temporary Receiver:

A. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B. A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C. A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XIX. COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Temporary Receiver. This cooperation and assistance shall include, but is not limited to, providing

information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including the specific methods to access that account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Temporary Receiver; and transferring funds at the Temporary Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XX.   NON-INTERFERENCE WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Temporary Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XXI.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.    Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

Provided, however, that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXII. COMPENSATION OF THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary

Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than 60 days after the date of entry of this Order. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXIII. TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver is not required to file with the Clerk of this Court a bond until further order of the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXIV. IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A. In order to allow Plaintiff and the Temporary Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Temporary Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Entities. Such locations include, but are not limited to, 4465 W Sunset Rd, Las Vegas, NV 89118, 2875 St Rose Pkwy Henderson, NV 89052, 18 E Broadway, Winchester, KY 40391 and any offsite location, commercial mailbox, or storage facility used by the Receivership Entities. The Temporary Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access and subsequently at the Temporary Receiver's discretion.

B. Plaintiff and the Temporary Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied. Plaintiff

shall return any removed materials to the Temporary Receiver within 5 business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Temporary Receiver;

C.     Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff;

D.     Plaintiff and the Temporary Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Receivership Entities shall produce to the Temporary Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.     If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such entity shall, immediately upon receiving notice of this Order, provide the Temporary Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign,

member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within 10 days from the date of entry of this Order provide Plaintiff and the Temporary Receiver with a sworn statement whether this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage any person who should receive a copy of this Order or any other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXVI.          EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff and the Temporary Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' Assets[3]; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.          Plaintiff and the Temporary Receiver may take the deposition of parties and non-parties.  Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

---

[3] For the reasons set forth in footnote 2, *supra*, Thomas G. Sacca, Jr. is excluded from this requirement.  He remains subject to the remaining requirements of this section.

B. Plaintiff and the Temporary Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within 5 days of service, provided, however, that 3 days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C. Plaintiff and the Temporary Receiver may serve upon parties interrogatories that require response within 5 days after Plaintiff serves such interrogatories;

D. The Plaintiff and the Temporary Receiver may serve subpoenas upon non-parties that direct production or inspection within 5 days of service.

E. Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F. Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G. The parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXVII.     SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil

Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XXVIII.    CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Jonathan W. Ware, Esq.

Federal Trade Commission

Bureau of Consumer Protection | Enforcement Division

600 Pennsylvania Avenue, NW, CC-9528

Washington, DC 20580

T +1 202 326 2726

F +1 202 326 3197

jware1@ftc.gov

## XXIX.    PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), the parties shall appear before this Court in Courtroom 601, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003, on <u>January 27, 2020, at 9:30 a.m. (Arizona time)</u> for a hearing to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## XXX. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.    Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than 4 days prior to the order to show cause hearing scheduled pursuant

to this Order. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than 1 day prior to the order to show cause hearing. Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile, or email, and be received by the other party or parties no later than 5:00 p.m. (Arizona time) on the appropriate dates set forth in this Section.

B.     An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least 5 days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least 3 days prior to the order to show cause hearing.

Provided, however, that this service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (Arizona time) on the appropriate dates provided in this Section.

## XXXI.     DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire 14 days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XXXII.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated this 13th day of January, 2020.

_____
Dominic W. Lanza
United States District Judge

Cc:  Plaintiff's counsel Evan Mendelson and Jonathan Ware