**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

On January 13, 2020, the Court granted Plaintiff Federal Trade Commission's ("FTC") motion for a temporary restraining order ("TRO") in this case. (Doc. 21.) The order granted broad equitable relief, freezing the Defendants' assets and transferring control of the Corporate Defendants, Success by Media LLC and Success by Media Holdings Inc., to a court-appointed receiver. (*Id.*)

The next day, the Corporate Defendants moved to modify the TRO pursuant to Rule 65(b)(4). (Doc. 22.) The Corporate Defendants are concerned about payroll and existing debt obligations and ask the Court to lift the asset freeze so they can meet those obligations. (*Id.*) After the Court ordered an expedited response from the FTC (Doc. 23), the FTC opposed the Corporate Defendants' motion, arguing that the court-appointed receiver could authorize payments to meet the Corporate Defendants' obligations (Doc. 24). The Court then invited a reply from the Corporate Defendants. (Doc. 25.) In their reply, the Corporate Defendants reiterate their request for modification and state their "intent to go forward on parallel tracks in their efforts to preserve the human and material assets of SBM. One track

1 is to obtain emergency relief from the Court, and the other track is to cooperate with the
2 temporary receiver." (Doc. 32.)

3 Now that the Court has received a full set of expedited briefing, it is prepared to
4 decide this matter without a hearing. *Cf. SEC v. Path America*, *LLC*, 2015 WL 5675811
5 *1 (W.D. Wash. 2015) (stating that "justice does not require that it hear" a motion under
6 Rule 65(b)(4)).

7 The motion will be denied because the Court doesn't need to modify the TRO to
8 facilitate payment of the Corporate Defendants' debt and payroll obligations. Under the
9 terms of the TRO, the temporary receiver assumed full control of the Corporate
10 Defendants. (Doc. 21 at 16.) Included in that power is the authority to "[m]ake payments
11 and disbursements from the receivership estate that are necessary or advisable for carrying
12 out the . . . the authority granted by[] this Order." (*Id.* at 17-18.) To that end, the temporary
13 receiver may "apply to the Court for prior approval of any payment of *any debt or*
14 *obligation* incurred by the [Corporate Defendants]." (*Id.,* emphasis added.)

15 The TRO, then, contemplates a process through which the Corporate Defendants
16 can meet their debt and payroll obligations. Debts of the Corporate Defendants were
17 explicitly contemplated, and the Court sees no reason why payroll would be excluded.
18 Under the terms of the TRO, there is no prohibition on the Corporate Defendants meeting
19 their prior obligations. The only difference is that the receiver will be authorizing these
20 payments. If Corporate Defendants want these payments made, they need only comply
21 with the TRO and provide the receiver with all required information. Only one "track" is
22 necessary.

23 …
24 …
25 …
26 …
27 …
28 …

Accordingly, **IT IS ORDERED** that the Corporate Defendants' motion to modify (Doc. 22) is **denied**. The Court also notes that the FTC, in its response, raised several allegations of noncompliance with the TRO. (Doc. 26 at 2-4.) Because of the expedited briefing schedule, the Court will not address those issues here. The FTC remains free to raise those concerns through a separate motion.

Dated this 16th day of January, 2020.

Dominic W. Lanza
United States District Judge