**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

On January 28, 2020, Defendants filed an emergency motion to take expedited discovery related to Federal Trade Commission's ("FTC") pending request for a preliminary injunction. (Doc. 53.) Specifically, Defendants seek an order (1) compelling the FTC to make four of its witnesses available for depositions before the preliminary injunction hearing, which is scheduled for February 12, 2020, and (2) compelling the FTC "to provide written responses" to an undefined set of "written discovery propounded by the Defendants within 5 calendar days after service of such discovery." (*Id.* at 4-5.) Defendants also seek to prohibit the FTC "from presenting any evidence at the Preliminary Injunction Hearing" if the FTC fails to meet these obligations. (*Id.*) The FTC opposes the motion, arguing that the discovery sought by Defendants is overly broad, unnecessary, and not an "emergency" because the FTC had offered to meet-and-confer on discovery matters but Defendants instead opted for court intervention. (Doc. 58.) For the following reasons, Defendants' motion will be granted in part and denied in part.

To obtain expedited discovery, a party must demonstrate good cause. *Semitool, Inc.*

*v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). *See also Kulkarni v. Upasani*, 659 Fed. App'x 937, 941 (9th Cir. 2016). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. "In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

These factors weigh against Defendants' request to depose the FTC's witnesses before the preliminary injunction hearing. As an initial matter, Defendants have separately filed a motion to compel live testimony at that hearing. (Doc. 56.) Although the Court will not prejudge that motion until it receives and considers the FTC's response, it's likely the request will be granted. If so, Defendants will be able to cross-examine the FTC's witnesses during the hearing. *United States v. Gila Valley Irrigation Dist.*, 31 F.3d 1428, 1442 (9th Cir. 1994) ("'On a motion for a preliminary injunction an adequate presentation of the facts is necessary. . . . The opposing party must be afforded the opportunity to cross-examine the moving party's witnesses and to present evidence.'") (citation omitted). Defendants have cited no authority for the proposition that they're also entitled to depose those witness before the cross-examination begins. Moreover, granting Defendants' request would place a substantial burden on the FTC, which would need to prepare for and defend four depositions in the short time between now and February 12.

As for Defendants' request to obtain written discovery from the FTC in advance of the hearing, that request will be granted only in part. Notably, Defendants' motion fails to articulate, with any precision, the scope of the written discovery they seek—although

Defendants assert they are only seeking "limited expedited discovery" from the FTC (Doc. 53 at 4), the Court has no way to evaluate this statement because the motion is silent on what is (and isn't) being sought.

Additionally, the FTC is amenable to providing some written discovery before the hearing. Specifically, the FTC has offered to provide "all documents that the FTC received in response to subpoenas issued during its investigation," which "contain all of the nonpublic information relied upon by [the FTC's] forensic accountant," as well as "all of the audio and video recordings . . . obtained during its investigation," "any transcripts of those recordings created at the FTC's request," and "all materials referenced in [the FTC's expert witness's] reliance materials." (Doc. 58 at 8-9.) The FTC also proposes a timeline for delivering those materials, indicating they could all be delivered by February 7, 2020. These suggestions strike the Court as reasonable, particularly in light of the absence of any concrete counter-proposal by Defendants, so the Court will adopt them. Production of these materials will enable Defendants to effectively cross-examine any FTC witnesses called at the preliminary injunction hearing, which both fulfills Defendants' rights and further obviates the need to depose the FTC's witnesses before the hearing.

Finally, Defendants request that "if the FTC fails to comply with the requirements of [this order], the FTC shall be precluded from presenting any evidence at the Preliminary Injunction Hearing." (Doc. 53 at 5.) The Court declines to prejudge any discovery violation. Should a problem occur, the Court will address it as needed.

Accordingly, **IT IS ORDERED** that Defendants' emergency motion for leave to take limited expedited discovery (Doc. 53) is **granted in part and denied in part**, as discussed above.

Dated this 30th day of January, 2020.

Dominic W. Lanza
United States District Judge