**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion for leave to present live testimony at the preliminary injunction hearing scheduled for February 12, 2020. (Doc. 56.) Initially, Defendants sought leave to present live testimony from their own witnesses, as well as leave to cross-examine the Federal Trade Commission's ("FTC") witnesses, at the preliminary injunction hearing. (*Id.*) However, Defendants subsequently notified the Court that they are no longer seeking leave to present their own witnesses (but are still seeking an order compelling the FTC to make its witnesses available for cross-examination). (Doc. 73.) The FTC, in turn, has clarified that it "has no objection to Defendants' cross-examining the FTC's declarants" but "request[s] leave to cross-examine Defendant James D. Noland, Jr., who submitted a declaration on Defendants' behalf." (Doc. 74 at 4.)

The Court sees no need to enter the order Defendants seek. The FTC has indicated it will make its witnesses available for cross-examination. (Doc. 74 at 4.) The Court has no reason to doubt that representation and accordingly doesn't see the point in ordering the

1  FTC to do something it is already planning to do.

2      The FTC's request to cross-examine Noland will be denied.  The Court previously

3  recognized that Defendants have a right to cross-examine witnesses at the preliminary

4  injunction hearing.  (Doc. 59 at 2, citing *United States v. Gila Valley Irrigation Dist.*, 31

5  F.3d 1428, 1442 (9th Cir. 2014).)  That right, however, has only been recognized for the

6  party opposing the preliminary injunction.  *Gila Valley*, 31 F.3d at 1442 ("The opposing

7  party must be afforded the opportunity to cross-examine the moving party's witnesses . . .

8  .") (internal quotes and citation omitted).  The Court has not found, and the FTC has not

9  provided, authority that requires the party seeking a preliminary injunction be allowed to

10  cross-examine the non-movant's witnesses.  *Cf. Jackson v. Fair*, 846 F.2d 811, 820 (1st

11  Cir. 1988) ("[The moving party] presents no support for the proposition that a plaintiff,

12  without more, is entitled to cross-examine defendant's witnesses to prove that they lied in

13  their affidavits.").  The Court, as the finder of fact, may find Noland's declaration less

14  compelling than if Noland testified and was subjected to cross-examination, but that is a

15  choice for Defendants to make.  They are not required to make Noland available at the

16  hearing.

17      Accordingly, **IT IS ORDERED** that Defendants' motion for leave to present live

18  testimony (Doc. 56) is **denied as moot** to the extent it seeks an order compelling the FTC

19  to make its witnesses available at the preliminary injunction hearing.  Likewise, the FTC's

20  request to make Noland available for cross-examination (Doc. 74) is **denied**.

21      Dated this 11th day of February, 2020.

22

23

24  _____
    Dominic W. Lanza
25  United States District Judge

26

27

28

- 2 -