**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Leon B. Silver, Rebecca N. Cain, Damon W.D. Wright, Andrew S. Jacob, Mary M. Curtin, Rachel L. Werner, and Gordon Rees Scully Mansukani, LLP (collectively, "Defense Counsel") have filed a motion to withdraw as counsel of record (without client consent) for Defendants Success By Media Holdings Inc., Success by Media LLC, James D. Noland, Jr., Lina Noland, Scott A. Harris, and Thomas G. Sacca. (Doc. 116.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice

withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.").

Defense Counsel assert that (1) Defendants have failed to pay their legal bills and (2) continued representation would be an unreasonable financial burden on Defense Counsel. (Doc. 116 at 2.) As long as this factor is not outweighed by the other factors, this is a sufficient reason to allow withdrawal.

The Federal Trade Commission ("FTC") contends that withdrawal should not be permitted until Defense Counsel "(1) respond to the FTC's two pending document requests and one pending interrogatory, (2) respond to the FTC's proposed protocol for screening potentially privileged documents provided to the FTC by the Receiver, and (3) provide the Receiver with certain limited information or documents required by the Court's Preliminary Injunction." (Doc. 119 at 3.) The FTC suggests these measures will mitigate prejudice to the FTC and harm to the administration of justice. (*Id.*) The FTC further notes that corporate defendants may not appear *pro se*. (*Id.* at 5.)

The Receiver likewise has "some outstanding requests to Defendants," which "mainly involve ensuring her access to databases and online accounts, e-mails, and certain pre-January 2020 communications between company counsel and company employees, including the Individual Defendants in their roles as company officers." (Doc. 123 at 2.) However, the Receiver "does not believe that the information that she needs would warrant denying [Defense Counsel's] motion to withdraw. (*Id.*)

The Receiver clarified that upon Defense Counsel's withdrawal, "it would be her duty to respond to the FTC's discovery requests" propounded to the corporate defendants. (*Id.*) Furthermore, she "would be in the position of having to defend the corporate defendants," and because she "is not aware of a good faith basis to oppose most aspects of the FTC's complaint against the corporate defendants," she "anticipates that she will reach a non-litigated resolution with the FTC." (*Id.* at 2-3.)

Thus, most of the concerns raised by the FTC appear to be alleviated by the

Receiver's response. However, the FTC and the Receiver agree that the individual defendants should "have the advice of counsel" before they provide input on the privilege screen protocol the FTC and the Receiver negotiated. (*Id.* at 3.) But the Receiver also states that the input of the individual defendants was invited "in an abundance of caution" and is "not strictly necessary" (*id.*), and at any rate, the individual defendants may proceed *pro se*, without the assistance of the attorneys they have failed to compensate. This consideration does not merit denying Defense Counsel's motion to withdraw as counsel or delaying withdrawal.

Justifiable cause exists for withdrawal, and therefore Defense Counsel's motion will be granted.

One issue remains, in that the Receiver asserted that she could "accommodate a prompt response with regard to [the FTC's] discovery requests," but in light of difficulties caused by the COVID-19 pandemic, it may not be possible "to ensure that these are accomplished within the timelines first requested by the FTC." (*Id.* at 2.) The FTC and the Receiver are therefore ordered to confer and determine a workable schedule.

Accordingly,

**IT IS ORDERED** that Defense Counsel's motion to withdraw as counsel of record (Doc. 116) is **granted**. The Receiver shall be substituted as counsel of record for Success By Media Holdings Inc. and Success by Media LLC. The individual defendants shall proceed *pro se* unless and until they retain new counsel. Their contact information is as follows:

> Jay and Lina Noland[1]
> 1452 W. Horizon Ridge Pkwy, Suite 503
> Henderson, NV 89012
> 1-760-230-8916
>
> Scott Harris
> 719 Laurelwood Circle
> Bowling Green, KY 42103
> 1-270-709-7091

---

[1] Defense Counsel avers that this is the correct service address for court filings, although Jay and Lina Noland's last known residential address is 1766 Amarone Way, Henderson, NV 89012. (Doc. 122 at 4.)

| | |
|---|---|
| 1 | Thomas G. Sacca |
| 2 | 229 Stable Way<br>Nicholasville, KY 40356 |
| 3 | 1-859-221-3784 |
| 4 | **IT IS FURTHER ORDERED** that the FTC and the Receiver shall confer and |
| 5 | determine a workable schedule for the Receiver to respond to the FTC's pending discovery |
| 6 | requests. |
| 7 | Dated this 2nd day of April, 2020. |

_____
Dominic W. Lanza
United States District Judge