**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

On April 2, 2020, the Court granted Defendants' former counsel's motion to withdraw. (Doc. 124.) The next day, Daryl M. Williams and Daniel B. Mestaz of the law firm Williams|Mestaz, LLP ("New Counsel") entered a notice of appearance on behalf of certain individual defendants plus the two corporate defendants, Success by Media Holdings, Inc., and Success by Media, LLC. (Doc. 126.)

It is unclear to the Court whether New Counsel's appearance was proper as to the two corporate defendants. Both entities comprise the Receivership Entities that are currently under the control of the Court-appointed receiver. (Doc. 109 at 3, 12.) Per an earlier order, the receiver has "[a]ssume[d] full control of [the] Receivership Entities" and has the authority to remove "any director, officer, independent contractor, employee, attorney, or agent" of the Receivership Entities. (*Id.* at 12-13.)

"As an officer of the court, the receiver's powers are coextensive with [her] order of appointment." *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). *See also Fed. Home Loan Mortg. Corp. v. Tsino*, 854 F. Supp. 113 (E.D.N.Y. 1994) ("The

court that appoints the receiver determines the scope of that receiver's authority."). Here, the order appointing the receiver gave her broad control over the Receivership Entities, including the ability to remove the Receivership Entities' attorneys. The notice of appearance does not address whether the receiver was involved in selecting and retaining New Counsel and the Court suspects she was not involved—in a notice filed one day earlier, the receiver stated that she "is not aware of a good faith basis to oppose most aspects of the FTC's complaint against the corporate defendants" and thus does "not anticipate spending the Receivership Estate's limited resources [following the withdrawal of former counsel] to fight a losing battle." (Doc. 123 at 2-3.) If the retention and appearance of New Counsel occurred without the receiver's approval—if, for example, New Counsel were chosen unilaterally by the individual defendants—there may be a problem. Finally, separate from the issue of appointment authority, the receiver likely possesses the power to waive the attorney-client privilege on behalf of the Receivership Entities,[1] so New Counsel's simultaneous representation of the individual and corporate defendants may raise ethical concerns. *See* Ariz. S. Ct. R. 42, ER. 1.7(a) ("[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client.").

Accordingly, **IT IS ORDERED** that New Counsel confer with the receiver concerning the propriety of New Counsel's recent appearance on behalf of the Receivership Entities.

…

…

…

…

…

---

[1] *See, e.g., United States v. Plache*, 913 F.2d 1375, 1381 (9th Cir. 1990) ("Because the privilege was held by the corporation, any right to assert the attorney-client privilege on behalf of the corporation passed when the receiver . . . was appointed by the court.").

**IT IS FURTHER ORDERED** that if New Counsel and the receiver cannot reach agreement over the propriety of New Counsel's appearance on behalf of the Receivership Entities, they must submit separate briefs on the issue (not to exceed seven pages each) no later than **April 17, 2020** setting forth their respective positions.

Dated this 6th day of April, 2020.

Dominic W. Lanza
United States District Judge