**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Receiver's third motion for fees and costs. (Doc. 180.) The individual defendants have filed an opposition (Doc. 185) and the Receiver has filed a reply (Doc. 189). For the following reasons, the motion will be granted.

This is not the first time the individual defendants have disputed the Receiver's entitlement to fees. In response to her previous request, the individual defendants raised a categorical objection, arguing she should not receive any payment for her work because "she is acting contrary to the best interests of the Corporate Defendants by deciding before a trial that there has been a violation of law and acting accordingly. Specifically, she is liquidating the Corporate Defendants rather than preserving their Assets. This liquidation means she is killing the corporations, not simply maintaining them, the worst kind of dissipation of Assets. She should not, therefore, get fees." (Doc. 146 at 1.) The Court rejected this argument and granted the previous application in full, explaining:

> The Court is satisfied that Ms. Friday is carrying out her duties as receiver, as those duties are specified in the preliminary injunction, in a reasonable and diligent manner. Ms. Friday inherited a difficult situation—she took

> control of entities that the FTC has demonstrated were likely operating as a pyramid scheme, discovered that some of the entities' inventory was tainted with an illegal ingredient and that the entities had not been following necessary business practices and legalities, and then had to confront the COVID-19 pandemic. Although the individual defendants are understandably frustrated by the fact that the entities they helped create are no longer operating in the fashion they envisioned, their true disagreement is with the Court's preliminary injunction ruling (which they did not appeal), not with Ms. Friday's conduct.

(Doc. 154 at 5-6.)

In response to the current motion, the individual defendants again contend the Receiver should not receive any payment for her work. This time, they argue that compensation is categorically impermissible because the funds being used to compensate the Receiver come from frozen assets and Supreme Court is "likely" to hold, in a future case that has not yet been argued, that the FTC lacks the authority to obtain an asset freeze in an enforcement action. (Doc. 185 at 2.) This argument is unavailing. As discussed in detail in a previous order (Doc. 177 at 7-10), this Court is bound to follow existing Ninth Circuit law, which allows the FTC to seek an asset freeze, and may not disregard that binding precedent based on guesses about future Supreme Court decisions.

The individual defendants also raise two targeted objections to portions of the Receiver's fee request. First, they ask the Court to deny reimbursement for any time spent "collaborating with the FTC" concerning how to oppose motions filed by the individual defendants and how to amend the FTC's complaint. (Doc. 185 at 2-3.) But as the Receiver correctly points out in her reply (Doc. 189 at 3-4), the bulk of the challenged time was spent responding to the individual defendants' motions to remove ECF from the receivership and to permit their counsel to replace the Receiver as the corporate defendants' counsel. It was eminently reasonable for the Receiver to prepare and file her own responses to those motions because they directly challenged her authority and conduct. It was also reasonable and appropriate for the Receiver to respond to factual questions from the FTC concerning the individual defendants' compliance with their obligations under the preliminary injunction.

Second, the individual defendants seek a reduction because the Receiver's fees are "extravagant," both due to the sheer amount billed to date (more than $200,000) and because "most of the work for which the receiver is seeking compensation . . . is ministerial in nature." (Doc. 185 at 1-3.) These claims lack merit. Having carefully reviewed the Receiver's billing entries and having carefully considered the factors specified in *In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402 (9th Cir. 1992), the Court is satisfied that the Receiver's fees—which are based on a discounted hourly rate—are reasonable and not excessive or extravagant, particularly given the challenging nature of her work in this case.

Accordingly, **IT IS ORDERED** that the Receiver's third motion for fees and costs (Doc. 180) is **granted**.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized and directed to pay from the receivership assets in this case and in the possession of the Receiver: (1) the amount of $50,450 to the Receiver for services rendered and costs incurred or paid during the period May 1, 2020, through July 31, 2020; (2) the amount of $39,454.25 to Osborn Maledon, P.A. for services rendered and costs incurred or paid during the period May 1, 2020, through July 31, 2020; and (3) the amount of $10,040.70 to Simon Consulting for services rendered and costs incurred or paid during the period May 1, 2020, through July 31, 2020.

Dated this 21st day of September, 2020.

Dominic W. Lanza
United States District Judge