**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is a "Rule 19 Motion to Dismiss or Compel Joinder of Parties" filed by Defendants Jay Noland, Lina Noland, Thomas Sacca, and Scott Harris (together, the "Individual Defendants"). (Doc. 167.) For the following reasons, the motion will be denied.

**BACKGROUND**

The parties are familiar with the facts and history of this case, which are set out in earlier orders. In a nutshell, this case concerns the business activities of Success By Health ("SBH"), which is "an affiliate-marketing program that sells coffee products and other nutraceuticals through its online platform and network of affiliates." (Doc. 106 at 1-2.) The Individual Defendants are affiliated with SBH in various capacities.

On January 8, 2020, the FTC initiated this action by filing a complaint. (Doc. 3.) The complaint alleges, among other things, that SBH is an illegal pyramid scheme and that the Individual Defendants have made false statements to SBH's affiliates. (*Id.*)

That same day, the FTC moved for an *ex parte* temporary restraining order ("TRO").

(Docs. 7, 8.)

On January 13, 2020, the Court substantially granted the FTC's motion for a TRO. (Docs. 19, 38.)[1]  In the TRO, the Court appointed Kimberly Friday (the "Receiver") to serve as the receiver of SBH and affiliated entities. (*Id.*)

On January 17, 2020, the FTC filed an amended complaint. (Doc. 35.)

On January 24, 2020, the parties stipulated to keep the TRO in place pending a ruling on the FTC's request for a preliminary injunction. (Doc. 43.) The preliminary injunction hearing was rescheduled for February 12, 2020. (Doc. 52.)

On February 6, 2020, the Individual Defendants filed their answer to the FTC's amended complaint. (Doc. 70.)

On February 10, 2020, the Receiver issued an initial report concluding that she "does not believe that the business can be operated without violating the TRO. The inaccurate marketing statements, the organization of the commission system, and the movement of large amounts of cash to the insiders strongly suggests that the business is structured in such a fashion that prevents Affiliates from realizing the promoted business opportunities." (Doc. 82-1 at 19.)

On February 12, 2020, the preliminary injunction hearing took place. (Doc. 86.) After the hearing, the Court took the matter under advisement. (*Id.*)

On February 18, 2020, the Individual Defendants filed an amended answer to the FTC's amended complaint. (Doc. 93-1.)

On February 27, 2020, the Court issued an order granting the FTC's motion for a preliminary injunction. (Doc. 106.) Among other things, this order authorized the Receiver to resume selling SBH's existing inventory of products. (*Id.* at 28.)

On May 1, 2020, the parties filed the Rule 26(f) report. (Doc. 137.) Although the Individual Defendants' counsel identified an array of motions he intended to file "within the next couple of months," there was no mention of a motion to dismiss under Rule 19.

---

[1] The TRO was later amended. (Docs. 20, 21.) The final, unsealed version of the TRO was filed on January 17, 2020. (Doc. 38.)

1. (*Id.* at 6-7.)

2. On May 12, 2020, the Receiver issued her second report. (Doc. 139-1.) Among other things, she reported that her efforts to resume selling SBH's existing inventory had been delayed by the COVID-19 pandemic and by her discovery that SBH had been operating without liability insurance, had been neglecting to collect sales tax, and had been using an ingredient that is illegal in the United States. (*Id.* at 4-6.) She further reported that product sales finally resumed during the week of May 11, 2020, that she had "terminated the multi-level marketing program and the commission structure" that had previously been in place, and that she had informed SBH's affiliates "that they will not earn commission or otherwise benefit from their purchases or purchases by individuals formerly in their downline." (*Id.* at 7-8.)

On July 28, 2020, the Individual Defendants filed the Rule 19 motion. (Doc. 167.)

On July 31, 2020, the FTC filed a response. (Doc. 175.)

On August 7, 2020, the Individual Defendants filed a reply. (Doc. 178.)

**ANALYSIS**

The Individual Defendants argue that approximately 4,500 SBH affiliates constitute "required parties" under Rule 19(a) because those affiliates have two cognizable interests in this action—first, an interest in obtaining commission payments for previous SBH product sales, and second, an interest in earning future commissions by selling SBH products—and because litigating this action in their absence may, "as a practical matter," impair their ability to protect those interests. (Doc. 167 at 3-4.) Thus, the Individual Defendants argue that, under Rule 19, those affiliates must either be joined as parties or this action must be dismissed. (*Id.*) The FTC responds that (1) the Individual Defendants waived their ability to raise a Rule 19 objection by failing to assert it in a pre-answer motion; (2) Rule 19(a) can't be invoked to force an administrative agency to sue a particular party in an enforcement action; and (3) joinder isn't required on the merits because, *inter alia*, there is no "right to participate in a pyramid scheme." (Doc. 175.)

On the issue of waiver, the rule in the Ninth Circuit is that "failure to join *necessary*

parties is waived if objection is not made in defendant's first responsive pleading; it is only the absence of an *indispensable* party which may (possibly) be raised later." *Citibank, N.A. v. Oxford Properties & Finance Ltd.*, 688 F.2d 1259, 1262 n.4 (9th Cir. 1982) (emphases added). Thus, the Court must begin by assessing whether the Individual Defendants' motion is a challenge based on the failure to join "necessary" parties or a challenge based on the failure to join "indispensable" parties.

This assessment is complicated by the fact that, although the terms "necessary" and "indispensable" appeared in the text of Rule 19 at the time *Citibank* was decided, both terms were deleted in 2007 as part of a purely "stylistic" amendment to Rule 19. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 855-56 (2008). Pursuant to this amendment, "the word 'required' replaced the word 'necessary' in subparagraph (a)" and "the word 'indispensable' . . . [was] altogether deleted" from subparagraph (b). *Id.* Nevertheless, "the substance and operation of the Rule both pre- and post–2007 are unchanged." *Id.* at 856.

Given this backdrop, the Ninth Circuit's pre-2007 caselaw addressing the distinction between "necessary" and "indispensable" parties remains relevant. In *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005), the court explained the "two parts of Rule 19"—that is, Rule 19(a) and Rule 19(b)—create "three successive inquiries." *Id.* at 779. The first inquiry, which is governed by Rule 19(a), is whether the absent party should be considered "necessary" in light of the nature of its interest in the action. *Id.*[2] The second inquiry, also governed by Rule 19(a), is "whether it is feasible to order that the absentee be joined." *Id.* The "three circumstances in which joinder is not feasible [are] when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would

---

[2] *See generally Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (explaining that, under the first inquiry, "[a] party may be necessary under Rule 19(a) in three different ways. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.") (citations omitted).

- 4 -

destroy subject matter jurisdiction." *Id.* Finally, the third inquiry—which, again, is triggered only when the party is necessary and joinder is infeasible—is "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* This inquiry is governed by Rule 19(b). *Id.* at 779-80.

With these principles in mind, the Individual Defendants' motion can only be characterized as a challenge based on the failure to join "necessary" parties, not a challenge based on the failure to join "indispensable" parties. The only portion of Rule 19 cited in the Individual Defendants' motion papers is Rule 19(a). (Doc. 167 at 2; Doc. 178 at 1.) There is no mention of Rule 19(b). The Individual Defendants' briefing also focuses solely on the first inquiry under *Peabody*, which is whether the nature of the affiliates' interest renders them "required" or "necessary" parties under Rule 19(a). There is no discussion of the second inquiry (whether joinder would be infeasible due to venue or jurisdictional hurdles) or the third inquiry (whether, given the infeasibility of joinder, dismissal is required under Rule 19(b)). Indeed, the final sentence of the Individual Defendants' reply—"[T]he court should grant defendant's Rule 19 motion and add non-party affiliates lest their interests be forever lost" (Doc. 178 at 4)—appears to be an implicit concession that joinder of the affiliates would be feasible.

Because the Individual Defendants' motion is properly understood as a challenge based on the failure to join "necessary" parties, rather than as a challenge based on the failure to join "indispensable" parties, it is barred by *Citibank*.[3] As noted, *Citibank* holds

---

[3] It should be noted that *Citibank*'s distinction between Rule 19(a) and 19(b) challenges is rooted in Rule 12. Under Rule 12(b), a "motion asserting" various enumerated defenses, including "failure to join a party under Rule 19," "must be made before pleading if a responsive pleading is allowed." However, Rule 12(h)(2) goes on to exempt a handful of specific defenses, including the failure "to join a person required by Rule 19(b)," from the forfeiture rules applicable to other defenses. *See also Baykeeper v. Union Pac. R. Co.*, 2009 WL 1517868, *2 (N.D. Cal. 2009) ("Rule 12(h)(2) merely exempts the failure to join a person required under Rule 19(b) from waiver, not necessary parties under Rule 19(a). Courts have clearly found that although the absence of an indispensable party may be raised at any time, the failure to join necessary parties may be waived if objections are not made in the defendant's first responsive pleading.") (citations omitted).

that "failure to join necessary parties is waived if objection is not made in defendant's first responsive pleading." 688 F.2d at 1262 n.4. Here, the Individual Defendants' first responsive pleading was the answer they filed in February 2020. (Doc. 70.) It was not preceded by a motion to dismiss under Rule 12(b)(7), which is one manner in which Rule 19 objections may be raised, and it did not raise any Rule 19 objections in its list of affirmative defenses. Nor did the amended answer that the Individual Defendants filed a few weeks later. (Doc. 93-1.) The Individual Defendants have therefore forfeited[4] their ability to seek relief under Rule 19(a) based on the FTC's alleged failure to join necessary parties. *See also Fed. Home Loan Mortg. Corp. v. Donel*, 2017 WL 2692403, \*3 n.2 (D. Nev. 2017) ("Donel waived this Rule 12(b)(7) defense by failing to assert it in a motion before filing his answer."); *Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL 13152867, \*3 (N.D. Cal. 2011) ("[Defendants] waived their ability to bring a motion to dismiss pursuant Rule 12(b)(7) for failure to join a party under Rule 19(a) by failing to assert this ground for dismissal when they brought their prior motions to dismiss under Rule 12."); *Church Mut. Ins. Co. v. Save-a-Buck Car Rental Co., Inc.*, 201 F.R.D. 440, 440-41 (W.D. Mich. 2000) (because "Save–a–Buck's answer to the complaint . . . contains no mention of its [Rule] 19 joinder defense," "Save–a–Buck has waived the defense of failure to join a necessary party under Rule 19, even if it could not be deemed to have waived the defense of failure to join an indispensable party").

In an effort to avoid this outcome, the Individual Defendants argue that Rule 19 objections are "sufficiently important that [they] can be raised at any stage of the proceedings." (Doc. 178 at 2.) However, the case the Individual Defendants cite in support of this principle, *McCowen v. Jamieson*, 724 F.2d 1984 (9th Cir. 1984),[5] merely recognizes that courts possess the power to raise joinder issues *sua sponte*. Such recognition says

---

[4] Although *Citibank* characterizes this loss as a waiver, it is more properly characterized as a forfeiture. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.").

[5] The Individual Defendants' reply attributes the quoted language to *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968).

- 6 -

nothing about whether parties may forfeit their ability to raise Rule 19-based joinder challenges, and *Citibank* holds that they may. *See also Baykeeper,* 2009 WL 1517868 at \*3 ("The court . . . simply provide[d] that *courts* may raise the absence of necessary parties *sua sponte* and may do so at any stage in the proceeding. The court did not consider whether a *party* could raise the issue at any stage in the proceeding or whether this defense could be waived, and did not address the requirements of Rule 12.") (citation omitted).

Finally, the Individual Defendants also argue that the FTC "acknowledge[d]," in footnote three of its response, that their motion is timely. (Doc. 178 at 2.) But in footnote three, the FTC merely observed that motions seeking relief under Rule 19(b)—that is, motions premised on the failure to join indispensable parties—are not subject to the same forfeiture rules as motions seeking relief under Rule 19(a). As discussed above, that observation is correct and does not assist Defendants here because they did not seek relief under Rule 19(b).

Because the Individual Defendants have forfeited their ability to seek relief under Rule 19(a), there is no need to address the parties' other arguments. Resolving those arguments would be particularly inappropriate here because the Individual Defendants appear to be seeking an unprecedented outcome. The FTC has cited an unbroken line of cases holding that Rule 19(a) can't be invoked by a defendant in an enforcement proceeding brought by an administrative agency. *See, e.g., SEC v. Laura*, 2020 WL 1434114, \*4 (E.D.N.Y. 2020) ("Although there is no binding precedent that speaks directly to whether Rule 19 can be invoked in an enforcement proceeding, there is a long and consistent line of persuasive authority holding that Rule 19 generally cannot be invoked in SEC enforcement proceedings and, as far as the court is aware, no court to have examined the issue has concluded otherwise."); *FTC v. Commerce Planet, Inc.*, 2010 WL 11673795, \*3 (C.D. Cal. 2010) ("[Defendant] alleges that the FTC failed to join required parties in violation of Federal Rule of Civil Procedure 19(a) . . . [by failing] to sue a variety of other companies and individuals that were responsible for the Website. This defense is insufficient as a matter of law because the FTC is not required to bring enforcement actions

against all entities involved with an allegedly unfair or deceptive practice."). The Individual Defendants, in turn, have not pointed to a single decision ordering such relief— they simply note that the decisions cited by the FTC don't conclusively foreclose their position. (Doc. 178 at 2-3.) There is no need to consider breaking new ground here in light of the forfeiture finding.

Accordingly, **IT IS ORDERED** that the Individual Defendants' Rule 19 motion (Doc. 167) is **denied**.

Dated this 21st day of September, 2020.

Dominic W. Lanza
United States District Judge