**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

In late August 2020, Defendants Jay Noland, Lina Noland, Thomas Sacca, and Scott Harris (together, the "Individual Defendants") filed a motion for leave to amend. (Doc. 183.) Specifically, the Individual Defendants sought leave (1) to "amend their answer to correct inadvertent admissions" and (2) to assert "counterclaims" against three government attorneys employed by the Federal Trade Commission ("FTC") and against the court-appointed receiver. However, after the motion became fully briefed, the FTC filed a new iteration of its complaint, the Second Amended Complaint ("SAC") (Doc. 205), and the Individual Defendants filed an answer to the SAC (Doc. 222). The answer to the SAC includes the corrections and counterclaims that the Individual Defendants previously sought leave to assert.

Rather than require the parties to file a new round of briefing concerning the propriety of the Individual Defendants' answer to the SAC, the Court will treat the pending motion as a request for leave to make the changes contained therein. For the following reasons, the motion will be granted in part (as to the retraction of the "inadvertent

admissions") and denied in part (as to the proposed "counterclaims").

**RELEVANT BACKGROUND**

The parties are familiar with the facts and history of this case, which are set out in earlier orders. In a nutshell, this case concerns the business activities of Success By Health ("SBH"), which is "an affiliate-marketing program that sells coffee products and other nutraceuticals through its online platform and network of affiliates." (Doc. 106 at 1-2.) The Individual Defendants are affiliated with SBH in various capacities.

On January 8, 2020, the FTC initiated this action. (Doc. 3.) Among other things, the FTC alleged that SBH is an illegal pyramid scheme and that the Individual Defendants made false statements to SBH's affiliates. (*Id.*)

That same day, the FTC moved for an *ex parte* temporary restraining order ("TRO") (Docs. 7, 8), which the Court substantially granted (Docs. 19, 38).[1] In the TRO, the Court appointed Kimberly Friday (the "Receiver") to serve as the receiver of SBH and affiliated entities. (*Id.* at 16.) The TRO remained in place until the Court granted the FTC's motion for a preliminary injunction. (Doc. 106.) The preliminary injunction authorized Ms. Friday to continue operating as the Receiver. (*Id.* at 26 [concluding that "[a] receiver is necessary, and Defendants' alternative request to insert a monitor but allow them to reassume control is inadequate"].)

On February 18, 2020, the Individual Defendants filed a corrected amended answer to the FTC's then-operative complaint. (Doc. 93-1.)

On May 1, 2020, the parties filed the Rule 26(f) report. (Doc. 137.) With respect to the amendment of pleadings, the parties reported that the FTC "may seek" to amend its complaint "to add new parties to the case." (*Id.* at 3.) In contrast, the parties did not report that the Individual Defendants wished to amend their answer or add counterclaims. (*Id.*) Additionally, although the Individual Defendants' counsel identified an array of motions he intended to file "within the next couple of months," there was no mention of a motion

---

[1] The TRO was later amended. (Docs. 20, 21.) The final, unsealed version of the TRO was filed on January 17, 2020. (Doc. 38.)

- 2 -

to amend. (*Id.* at 6-7.)

On May 28, 2020, the Court issued the Rule 16 scheduling order, setting a deadline of August 28, 2020 "for joining parties, amending pleadings, and filing supplemental pleadings." (Doc. 142 at 1.)

On August 28, 2020, the Individual Defendants filed the pending motion for leave to amend their answer and assert counterclaims. (Doc. 183.) The FTC thereafter filed an opposition (Doc. 193), which the Receiver joined (Doc. 194), and the Individual Defendants filed a reply (Doc. 198).

On August 28, 2020, the FTC filed a motion for leave to file a second amended complaint ("SAC"). (Doc. 182.) The only proposed changes of substance were to add two defendants, Enhanced Capital Funding and Rinpark SA, and to add allegations concerning the "Voz Travel" program. (Doc. 182-2.) After the Individual Defendants filed a notice of non-opposition to the FTC's motion (Doc. 202), it was granted (Doc. 204).

On September 23, 2020, the FTC filed its SAC. (Doc. 205.)

On October 23, 2020, the Individual Defendants filed an answer to the SAC. (Doc. 222.) The answer includes the same corrections and new claims that the Individual Defendants previously sought leave to assert. (*Id.*)

**DISCUSSION**

A. <u>Parties' Arguments</u>

The Individual Defendants' amendment request has two parts. First, the Individual Defendants wish "to amend their answer to correct inadvertent admissions" in certain paragraphs. (Doc. 183 at 1.) Second, the Individual Defendants wish to assert "counterclaims" against three FTC attorneys and the Receiver. (Doc. 183-2 at 8-14. *See also* Doc. 222 ¶¶ 116-50 [same].) As for the "counterclaims," the Individual Defendants contend the FTC attorneys engaged in misconduct by (1) issuing post-TRO press releases and blog posts that contained false information, (2) making false statements to financial institutions concerning the Individual Defendants, and (3) making false statements to SBH affiliates concerning the Individual Defendants. (*Id.*) The Individual Defendants further

contend the Receiver engaged in misconduct by (1) sending a letter to SBH affiliates that contained (or could be construed as containing) false information about the status of this lawsuit and (2) working "hand-in-glove" with the FTC attorneys to ensure the Individual Defendants' "demise." (*Id.*) Thus, the Individual Defendants wish to assert constitutional tort claims against the FTC attorneys pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), premised on violations of the Fourth, Fifth, and Eighth Amendments, as well as a state-law defamation claim against the Receiver. (*Id.*)

According to the Individual Defendants, all of these amendment requests are governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 183 at 1-2.) The Individual Defendants contend that Rule 15(a)(2)'s liberal standard for amendment is satisfied here because the new claims and defenses are being sought in good faith, would not result in any delay, and are not futile. (*Id.* at 3-4.) Finally, although the Individual Defendants concede the addition of the proposed "counterclaims" would be prejudicial to the FTC (because "[i]f the motion were granted, the [FTC's] attorneys would likely be disqualified"), they argue that considerations of efficiency outweigh that prejudice. (*Id.* at 2-3.)

The FTC opposes the Individual Defendants' motion. (Doc. 193.) As for futility, the FTC argues that (1) the proposed *Bivens* claims are futile because the Supreme Court has "severely restricted" *Bivens* liability, no court has ever recognized *Bivens* liability under the circumstances present here, the Individual Defendants have adequate alternative remedies (*i.e.,* convincing the Court to modify the asset freeze and/or preliminary injunction), and there are "special factors" at play that further cut against recognizing a new theory of *Bivens* liability; (2) all of the proposed claims are barred by immunity doctrines—the Receiver is entitled to the same sort of absolute immunity as a judicial officer while FTC employees are entitled to immunity with respect to claims that are "intimately associated with the judicial phase of litigation"; (3) the *Bivens* claims also fail because there were no underlying constitutional violations—the Court authorized the TRO

and asset freeze (so there can be no Fourth Amendment violation), the only purported harm is reputational harm (so there can be no Fifth Amendment violation), and the Individual Defendants have not yet been ordered to pay any fines or restitution and this is not a criminal case (so there can be no Eighth Amendment violation); and (4) the defamation-related claims fail because the challenged statements were true. (Doc. 193 at 3-15.) Additionally, in a footnote, the FTC argues the proposed claims are procedurally improper. (*Id.* at 17 n.13.) As for bad faith, the FTC argues the Individual Defendants' motion is frivolous because, *inter alia*, it ignores obvious defenses (including the Receiver's absolute immunity from suit) and "entirely ignore[s] the framework for whether to recognize a *Bivens* remedy, instead falsely implying that such remedies are available for all Fourth, Fifth and Eight[h] Amendment violations." (*Id.* at 15-17.) As for prejudice, the FTC argues that granting the motion would be highly prejudicial because it would result in the disqualification of the FTC's counsel. (*Id.* at 17.)[2]

In reply, the Individual Defendants acknowledge, for the first time, that the Supreme Court's recent decisions have significantly curtailed *Bivens* liability, but they argue their proposed *Bivens* claims remain cognizable under those standards. (Doc. 198 at 1-6.) The Individual Defendants also contend the Receiver's immunity only extends to conduct undertaken to "preserve the assets of the defendants" and "[s]he is not doing that." (*Id.* at 6.)

B.  Analysis

   1.  **Inadvertent Admissions**

The first portion of the Individual Defendants' amendment request is a request for leave to amend their answer by removing certain "inadvertent admissions."

As an initial matter, the law is not a model of clarity concerning whether the Individual Defendants must obtain leave of court to make such changes now that the FTC has filed the SAC. Some courts have concluded that "once a plaintiff amends a complaint, the defendant can amend its answer as of right, regardless of the scope of the change in the

---

[2] The Receiver filed a two-sentence joinder in the FTC's arguments. (Doc. 194.)

amended complaint." *Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot., Inc.*, 2005 WL 677806, \*2 (D. Conn. 2005). Under this approach, the Individual Defendants would be entitled as a matter of course to remove the "inadvertent admissions" from their new answer, even though those admissions have nothing to do with the new allegations in the SAC (which concern Enhanced Capital Funding, Rinpark SA, and Voz Travel). Most courts in the Ninth Circuit, however, have rejected this permissive approach in favor of more restrictive approaches. *See generally Adobe Sys. Inc. v. Coffee Cup Partners, Inc.* 2012 WL 3877783, \*5 (N.D. Cal. 2012) (noting that "no federal appellate court has addressed" the "scope of amendments to answers in response to amended complaints" and that "[t]he few courts within the Ninth Circuit . . . that have addressed the issue have adhered to the moderate approach," under which the breadth of the changes in the amended answer must reflect the breadth of the changes in the amended complaint).

Resolution of this issue is unnecessary here because, even assuming that leave of court remains necessary before the Individual Defendants may remove the "inadvertent admissions," such leave will be granted. To the extent leave is required, Rule 15(a)(2) supplies the governing standard because the Individual Defendants made their request before the expiration of the amendment deadline set forth in the scheduling order. "Rule 15 advises the court that leave [to amend] shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "This policy is to be applied with extreme liberality." *Id.* (internal quotation marks omitted). Thus, a timely request for leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Here, although the FTC styled its brief as an opposition to the motion to amend, it focused only on the proposed new "counterclaims" and didn't address the request to

remove the "inadvertent admissions." Thus, the Court presumes this portion of the request is unopposed. It will be granted.

2. **"Counterclaims"**

The second portion of the Individual Defendants' amendment request is for permission to assert "counterclaims" against three FTC attorneys and the Receiver.

Once again, Ninth Circuit law does not definitively resolve whether the Individual Defendants must obtain leave of court to assert such claims now that the FTC has filed the SAC. *First Nat. Bank of Ariz. v. Kislak Nat. Bank*, 2007 WL 9724236, *1 (D. Ariz. 2007) ("The Ninth Circuit has never addressed whether counterclaims may be filed in response to an amended complaint as of right or only with leave of court. . . . The district courts that have addressed the issue have applied varying approaches."). Under the approach followed by most district courts in the Ninth Circuit, leave would remain necessary. *Id.* at *2 (holding that leave was required where "the Counterclaim . . . is not related to the changes in the Amended Complaint"). *See also* 1 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 15, at 416-417 (2020) ("[A] new proposed approach takes the position that Rule 15(a)(2) always controls when a defendant seeks to assert new counterclaims in response to amended complaints. It arrives at this result by concluding that the situation is simply not addressed in Rule 15(a)(1); as such, Rule 15(a)(2) controls by default because it applies 'in all other cases' not addressed by Rule 15(a)(1)."). The Court agrees that leave of court remains necessary under these circumstances, so it will proceed to address the parties' arguments.[3]

The Individual Defendants' leave request will be denied for several independent reasons. First, the proposed new claims are futile because they are procedurally improper. Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure (which isn't mentioned anywhere in the Individual Defendants' motion or reply). Under Rules

---

[3] Additionally, even if leave of court weren't required in this circumstance, it is inevitable that a motion to dismiss the "counterclaims" would be forthcoming, raising the same issues and arguments that the parties have already addressed at length in the motion-to-amend briefing.

- 7 -

13(a) and 13(b), compulsory and permissive counterclaims may be asserted "against an opposing party." Here, the Individual Defendants' sole "opposing party" is the FTC, but none of the proposed new claims are asserted against the FTC. Instead, the Individual Defendants wish to assert those claims against three individual FTC attorneys, who are being sued in their individual capacities, and against the Receiver. (Doc. 183 at 1 ["[T]he attached proposed Amended Answer and Counterclaim . . . would add four individual counterdefendants and four counts against them in a counterclaim."]; Doc. 183-2 ¶ 71 ["The [proposed] counterdefendants are Evan R. Mendelson, Jonathan W. Ware, Seena Greesin, and Kimberly Friday."]; Doc. 222 ¶ 117 [same].) All of the proposed counter-defendants, in other words, are non-parties. Under Rule 13, it is impermissible to assert "counterclaims" solely against non-parties. *See, e.g., Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459, 462-63 (N.D. Cal. 2008) ("To be sure, Rule 13(h) permits a party to join additional parties (who are not original to the litigation) to a counterclaim or crossclaim. However, the courts have held that Rule 13(h) requires that any such joinder of a new party be anchored to a counterclaim or cross-claim against an original party. A Rule 13(h) counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party.") (citations and internal quotation marks omitted); Gensler, *supra*, Rule 13, at 370-71 ("Rule 13(h) recognizes that the counterclaimant may join additional new parties and assert claims against them, so long as joinder of the new parties would be proper under Rule 19 or 20. However, to do this at least one of the counterclaims must be against both the existing party and the new party.").

Rule 14, rather than Rule 13, is the applicable rule when a defendant wishes to assert a claim against a third party but not against the opposing party. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). However, only certain types of third-party claims are permissible under Rule 14. As the Ninth Circuit has explained, "a third-party claim may be asserted only when the third party's liability is

in some way dependent on the outcome of the main claim and is secondary or derivative thereto. . . . The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988) (citation and internal quotation marks omitted). *See also* Gensler, *supra*, Rule 14, at 387 ("[T]he specific and limited role of Rule 14 is to allow joinder for the purpose of asserting derivative liability (*e.g.,* subrogation, indemnity, and contribution) claims."). Here, the Individual Defendants aren't attempting to sue the individual FTC attorneys or the Receiver based on some sort of indemnification theory. Instead, they are attempting to assert tort claims against those individuals premised on conduct that occurred after this lawsuit began. These are not proper third-party claims. *Cf. United States v. Sensient Colors, Inc.*, 2009 WL 394317, *12 (D.N.J. 2009) (denying defendant's motion for leave to assert *Bivens* claims against individual government employees responsible for underlying action: "Sensient is not attempting to transfer to [various] EPA officials all or part of the liability for the cost-recovery action brought against it by the [EPA]. Instead, Sensient seeks to assert affirmative claims against the proposed new parties. Thus, Sensient's proposed third party complaint is procedurally improper under [Rule] 14 and will be denied.").[4]

Because the Individual Defendants' proposed claims fail for these reasons, it is unnecessary to address the parties' remaining arguments in much detail. With respect to the substantive viability of the proposed claims, the Court notes that the Individual Defendants didn't even bother, in their reply, to attempt to respond to many of the FTC's futility arguments. Additionally, the Individual Defendants' *Bivens*-related briefing (Doc. 183 at 3-4) was particularly poor. Their motion to amend barely touches upon *Bivens*, includes citations to only three *Bivens*-related cases (all of which were decided more than

---

[4] *See also United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 337-38 (D.N.J. 2009) ("[T]he magistrate judge did not commit reversible error by rejecting Sensient's proposed *Bivens* claims as procedurally improper.").

40 years ago), and seems to characterize the Supreme Court's jurisprudence in this area as encouraging lower courts to aggressively expand the boundaries of "*Bivins*-type" [sic] liability. (*Id.*) Notably, the motion does not mention *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). There, the Supreme Court emphasized that it has "consistently refused to extend *Bivens* to any new context or new category of defendants" over the last few decades and has "made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1854-57 (internal quotation marks omitted). The motion to amend also fails to include any discussion of the immunity doctrines that apply to FTC attorneys and court-appointed receivers.

Finally, even if the proposed claims weren't futile, the Court would exercise its discretion to deny leave to amend due to the prejudicial effect the addition of these claims would have on the FTC. *Eminence Capital*, 316 F.3d at 1052 ("it is the consideration of prejudice to the opposing party that carries the greatest weight" under Rule 15(a)(2)). The Individual Defendants acknowledge the FTC's counsel in this action would likely be disqualified from continuing as counsel if the claims were added. This would be an extremely disruptive outcome in an action that has been heavily litigated for over 10 months and in which a preliminary injunction is currently in place.

Accordingly, **IT IS ORDERED** that:

(1) The Individual Defendants' motion for leave to amend (Doc. 183) is **granted in part and denied in part**, to the extent the motion is not moot.

(2) The counterclaims in the Individual Defendants' answer to the SAC (Doc. 222 ¶¶ 116-50) are **stricken**.

Dated this 27th day of October, 2020.

Dominic W. Lanza
United States District Judge