**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Receiver's motion to terminate the Nevada office lease. (Doc. 261.) For the following reasons, the motion is denied without prejudice.

## BACKGROUND

The parties are familiar with the events that led to the Receiver's appointment, which are discussed in detail in earlier orders. The Receiver now seeks permission to terminate the lease for Success By Media's commercial office space in Nevada. (Doc. 261.) The Receiver believes that termination is in the best financial interest of the Receivership Estate because the office is not currently generating any revenue, the Estate is paying approximately $4,750 each month (between rent, security, and utilities) to maintain the office, and the landlord is willing to terminate the lease and to release any future claims against the Estate. (*Id.* at 2-3.) Thus, even though the Receiver estimates that the Estate will need to make one-time payments of around $15,000 to move the furniture and equipment that is currently inside the office to an off-site storage facility,[1]

---

[1] The Receiver notes that another option might be to sell this furniture and equipment, which would obviate the need to pay storage and moving costs, but explains that she is

and that the Estate will then need to pay between $185 and $250 each month in storage costs, she believes that termination will result in a net savings to the Estate over the long term. (*Id.* at 3-4.)

The Individual Defendants oppose the Receiver's request. (Doc. 272.) They assert that they made $150,000 in improvements to the office, not including the furniture and equipment, before the Receiver's appointment and "that money is forfeit" if the lease is terminated. (*Id.* at 1.) Thus, they propose that the Receiver "assign the rights to the Nevada lease to them" so they can keep using the space while paying the rent. (*Id.*) They further contend that they should be allowed to use the furniture and equipment in the office without providing a letter of credit (or another form of security deposit), because that approach will avoid the need to pay moving and storage expenses, but clarify that they are willing to take over the lease even if the furniture and equipment is moved. (*Id.* at 1-2.)

In reply, the Receiver states that the Individual Defendants' proposals should be rejected because (1) there are various reasons to be skeptical of the claimed $150,000 in improvements, (2) she cannot simply allow the Individual Defendants to use the furniture and equipment without paying a deposit because there is a competing ownership claim (*see* footnote one) and the Estate would be on the hook for any damage or loss, and (3) an assignment of the lease to the Individual Defendants would result in continued financial risk because the Estate would be responsible if the Individual Defendants failed to make future rent payments. (Doc. 275.)

**DISCUSSION**

Although the Court fully understands the Receiver's rationale for seeking termination of the Nevada office lease, which may indeed be in the best financial interest of the Receivership Estate, the Court concludes that the most prudent course of action is to maintain the status quo, at least for the time being. Although this approach will result in Estate shrinking by about $4,750 each month, all of the other proposed approaches come

---

wary of authorizing such a sale because a third party recently asserted ownership claims toward the furniture and equipment. (Doc. 261 at 3 n.2; Doc. 275 at 2 n.1.) The Court agrees with the Receiver that a sale of the furniture and equipment does not make sense while these third-party claims remain unresolved.

with their own costs and downsides. Maintenance of the status quo seems like the least bad of the alternatives.

Additionally, the Individual Defendants remain free to negotiate directly with the landlord to enter into a new lease that would come into effect simultaneously with the termination of the current lease. That approach would ensure that the alleged $150,000 in improvements aren't "forfeit" and cut off the Estate's liability for future rent payments— a win-win. And although this approach wouldn't solve what to do with the existing furniture and equipment, it would at least narrow the issues.

Accordingly, **IT IS ORDERED** that the Receiver's motion to terminate the Nevada office lease (Doc. 261) is **denied without prejudice**.

Dated this 4th day of March, 2021.

Dominic W. Lanza
United States District Judge