**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Receiver's fifth motion for fees and costs. (Doc. 304). James and Lina Noland, Scott Harris, and Thomas Sacca (together, the "Individual Defendants") have filed an opposition (Doc. 314) and the Receiver has filed a reply (Doc. 316). For the following reasons, the motion is granted.

This is not the first time the Individual Defendants have disputed the Receiver's entitlement to fees. (Docs. 146, 185.) Similar to what has been argued before, the Individual Defendants assert that the Receiver should not be awarded any fees because her fees are not reasonable and "have resulted in no particular benefit to the receivership entities." (Doc. 314 at 1-2.) In particular, the Individual Defendants take issue with the Receiver's use of over eighty percent of her counsel's time "responding to the Individual Defendants' appeal of this Court's orders denying their request to modify or resolve the preliminary injunction and their request to have counsel of their choice." (*Id.*) This objection lacks merit. It was reasonable for the Receiver to prepare and file her own response to the Individual Defendants' appeal because the appeal directly challenged her

authority and conduct—and, in turn, threatened to undermine her ability to carry out her responsibilities under the receivership order. It was also reasonable for the Receiver to respond to the Individual Defendants' requests to stay these proceedings and to terminate the Nevada office lease and to engage an outside consulting firm to assist with accounting, forensic accounting, and operational matters at a discounted rate.

Further, having carefully reviewed the Receiver's billing entries and having carefully considered the factors specified in *In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402 (9th Cir. 1992), the Court is satisfied that the Receiver's and consulting firm's fees—which are based on a discounted hourly rate—are reasonable and not excessive or extravagant, particularly given the challenging nature of her work in this case.

Accordingly, **IT IS ORDERED** that the Receiver's fifth motion for fees and costs (Doc. 304) is **granted**.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized and directed to pay from the receivership assets in this case and in the possession of the Receiver:

(1) The amount of $4,995.00 to the Receiver for services rendered during the period November 1, 2020 through January 31, 2021, with an additional $3,330.00 approved but held back for payment until the conclusion of the case;

(2) The amount of $18,656.97 to Osborn Maledon, P.A. for services rendered during the period November 1, 2020, through January 31, 2021, with an additional $12,437.98 approved but held back for payment until the conclusion of the case; and

..

…

…

…

…

…

…

…

1    (3)   The amount of $6,035.61 to Simon Consulting for services rendered and costs incurred or paid during the period November 1, 2020, through January 31, 2021, with an additional $4,023.74 approved but held back for payment until the conclusion of the case.

Dated this 19th day of April, 2021.

*Dominic W. Lanza*
United States District Judge