**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

As the parties are no doubt aware, earlier today the Supreme Court issued its decision in *AMG Capital Management, LLC v. FTC*, No. 19-508.  Among other things, the Court concluded that section 13(b) of the FTC Act does not "authorize[] the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement."

Much ink has already been spilled in this case about whether the proceedings should be stayed in light of *AMG Capital* (Doc. 242 [no]) and whether the parties should be allowed to file summary judgment motions on the issue of remedies following the issuance of *AMG Capital* (Doc. 319 [yes]).  There is no need to revisit those issues now.

A separate issue that may require renewed consideration, however, is whether the asset freeze and receivership in this action should be modified or vacated in light of *AMG Capital*.  When seeking those forms of relief at the outset of this case, the FTC argued they were available under section 13(b), as corollaries to the FTC's statutory power to seek injunctive relief.  (Doc. 8 at 31 ["This Court has the authority to grant preliminary and

permanent injunctive relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). With that authority comes the power to 'grant any relief necessary to accomplish complete justice.'  Court in this District frequently have granted the same relief that the FTC seeks here—an asset freeze, the appointment of a receiver, immediate access to business records, and expedited discovery."].)  Later, the FTC specified that the asset freeze was necessary for one specific purpose: "to preserve the possibility of providing restitution to Defendants' victims."  (*Id.* at 46.)  As for the receivership, the FTC argued that it, too, was necessary to provide adequate restitution to victims (*i.e.,* to "marshal the[] assets" of Defendants so those assets would not be "subject to diversion and waste to the detriment of victims") but also identified a separate reason why it was necessary—to "prevent further consumer harm."  (*Id.* at 49, citations and internal quotation marks omitted).

Without prejudging the issues, the Court views *AMG Capital* as casting some doubt on whether it remains permissible, in an FTC enforcement action, to order an asset freeze or receivership for the purpose of preserving assets that could be used to satisfy a future restitution award under section 13(b).  If that interpretation of *AMG Capital* is correct, it is unclear how the asset freeze in this action could remain in place (because its sole purpose was to preserve assets for a future section 13(b) restitution award).  As for the continued validity of the receivership, the analysis is more complicated because it was imposed both to preserve assets and to prevent future harm and it is not clear that *AMG Capital* casts any doubt on the latter objective.  Thus, *AMG Capital* may call for the receivership to be narrowed in scope but not eliminated.  Such modification may, moreover, call into question whether the Receiver (rather than the Individual Defendants) should continue to maintain the right to select the Receivership Entities' counsel.  (Doc. 168 at 13 ["IT IS ORDERED that the Individual Defendants' motion [to allow representation of corporate defendants and non-party entities] is denied.  This is without prejudice to the Individual Defendants' ability to seek reconsideration should the law change concerning the FTC's authority to seek restitution."].)

The Court wishes to resolve these issues as promptly as possible.  Accordingly, the

parties are ordered to meet and confer about these issues and then submit a joint memorandum by **April 29, 2021**, not to exceed seven pages, that summarizes their positions and points of agreement (and disagreement).  Once the Court has an opportunity to review the joint memorandum, it will schedule a status hearing so these issues can be further addressed.

Dated this 22nd day of April, 2021.

_____
Dominic W. Lanza
United States District Judge