Maurice R. Mitts, Esq. (*pro hac vice*)
MITTS LAW, LLC
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0110 phone
(215) 866-0111 fax
mmitts@mittslaw.com

Attorney for Proposed Intervenors

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Federal Trade Commission**, | No. 2:20-cv-00047-DWL |
| Plaintiff, | |
| vs. | **PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE** |
| **James D. Noland, Jr., a/k/a Jay Noland and J.D. Noland, individually and as an officer of Success By Media Holdings Inc., Success By Media LLC, Enhanced Capital Funding, and Rinpark SA** *et al.*, | |
| Defendants. | |

Proposed Intervenors are a group of nearly 1,000 affiliates of Success By Health ("SBH"), identified in **Exhibit A** hereto, who hereby renew their motion to intervene in this action to enforce their contractual and constitutional rights which are being infringed by Plaintiff Federal Trade Commission (the "FTC") in bringing this action and restricting the operations of Success By Health ("SBH").[1] Since the Court denied Proposed Intervenors' prior Motion to Intervene on April 2, 2021, the factual and legal circumstances of this case

---

[1] As used herein, "SBH" refers to any or all of the corporate defendants with whom Intervenors have contractual agreements for SBH's services.

have shifted markedly, necessitating that the Court now grant Proposed Intervenors' motion. Factually, at the time the Court denied Proposed Intervenors' prior motion, the class of affiliates participating in this matter numbered 710. Since the Court's denial of the prior motion, however, the class of affiliates has grown to nearly 1,000—and continues to grow daily.

Legally, the FTC's unlawful pursuit of this case has been laid bare by the Supreme Court's unanimous ruling in *AMG Capital Management, LLC, et al. v. Federal Trade Commission*, 141 S.Ct. 1341 (2021). The *AMG* ruling has drastically changed the landscape of FTC enforcement cases, including this one. In light of the ruling as discussed below, the FTC's denial of rights to Proposed Intervenors, based on an unlawful reading of Section 13(b) the FTC Act, and without any due process protections for Proposed Intervenors, has materially damaged SBH's affiliates. Proposed Intervenors should therefore be granted intervention in this case to protect their rights by way of the attached Complaint in Intervention for, *inter alia*, Declaratory Judgment and equitable relief (the "Intervenors' Complaint")[2] against the FTC.

## THE FTC'S UNLAWFUL ENFORCEMENT PROGRAM AND *AMG*

This case is one of many unlawfully brought by the FTC seeking to obtain monetary damages under the guise of injunctive relief pursuant to Section 13(b) of the FTC Act. On April 22, 2021, however, the Supreme Court rejected the FTC's argument that it is entitled to seek monetary relief under Section 13(b). *AMG*, 141 S. Ct. at 1347. The Supreme Court stated that "Section 13(b) of the Federal Trade Commission Act authorizes the Commission

---

[2] A true and correct copy of Intervenors' proposed Complaint in Intervention is attached hereto and incorporated herein as **Exhibit B**.

to obtain, 'in proper cases,' a 'permanent injunction' in federal court against 'any person, partnership, or corporation' that it believes 'is violating, or is about to violate, any provision of law' that the Commission enforces," and therefore Section 13(b) "does not authorize the Commission directly to obtain court-ordered monetary relief," such as restitution or disgorgement. *Id.* at 1344, 1347 (citing 87 Stat. 592, 15 U. S. C. § 53(b)). The Court noted that the previous interpretation of the FTC's 13(b) powers had allowed the FTC to improperly circumvent the administrative process and notice requirements of Sections 5 and 19 of the FTC Act. *Id.* at 1348–49 ("Congress in §5(l) and §19 gave district courts the authority to impose limited monetary penalties and to award monetary relief in cases where the Commission has *issued cease and desist orders*, *i.e.*, where the Commission has engaged in administrative proceedings…. Nor is it likely that Congress, without mentioning the matter, would have granted the Commission authority so readily to circumvent its traditional §5 administrative proceedings.").

The Supreme Court's decision in *AMG* represents not only a faithful declaration of what Section 13(b) of the FTC Act does—and does not—permit, but a repudiation of a decades-long strategy by the FTC to obtain extreme monetary and injunctive relief without due process. As Justice Breyer (who authored the *AMG* decision on behalf of the unanimous Court) stated during oral argument in the *AMG* case:

> History matters. I think Justice Brandeis, when he started [working on the FTC Act], was faced with a business community that was very suspicious of the FTC's power and thought it would be abused and a progressive community that thought it's absolutely necessary to bring bad business practices under control. So they compromised.
>
> The compromise was you've got to do what the FTC says, but before it tells you to do something, it will find that what you're doing now is wrong. It will find that. It will be a cease-and-desist order, later expanded under Moss-Magnuson, I think,

PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE

1

to include violation of a rule.

2

So Section 5, cease-and-desist order or violation of a rule, ha, damage of some kind. Nineteen, the same thing. And now we have right in the middle 13, no protection like that whatsoever. Do not worry, says the FTC, we will only use it in exceptional cases.

3

4

5

Ha! In 2012, they repeal that. And now, 10 years later, after this has been in effect for a few years, I read that 100 cases under this provision are in the courts, compared with 10 or 12 under the regular cases.

6

7

\*       \*       \*

8

9

… if we interpret it your way, … we say your fears, business community, were absolutely right. It is now up to the FTC. Before you know the thing is wrong, they hit you with bad damages.

10

11

Tr. of Oral Argument at 37–39, *AMG*, 141 S.Ct. 1341 (No. 19-508). As Justice Breyer

12

rightly noted, and subsequently wrote for the Court, the FTC's interpretation of Section

13

14

13(b), when enforced by the courts, allowed the FTC to act as judge and jury in numerous

15

cases, without affording the statutory prior notice protections and due process to

16

defendants—or to third parties who may be collaterally damaged by the FTC's enforcement

17

strategy, such as Proposed Intervenors here.

18

19

In fact, the FTC Bureau of Consumer Protection's former Assistant Director for

20

Litigation publicly admitted that the text of Section 13(b) does not authorize the tactics

21

employed by the FTC: "Neither the text of Section 13(b) nor its legislative history disclosed a

22

basis to argue for broad equitable relief." David M. FitzGerald, "The Genesis of Consumer

23

24

Protection Remedies Under Section 13(b) of the FTC Act," FTC 90th Anniversary Symposium

25

(Sept. 23, 2004), *available at* https://bit.ly/3bUyoYU (link shortened from original). At oral

26

argument in *AMG*, Justice Alito noted:

27

Mr. FitzGerald says that when 13(b) was enacted, nobody on the Commission imagined that it would become an important part of its -- the Commission's consumer protection program.

28

PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE

> But the Commission decided that Section 19 was too time-consuming, so it wanted -- it looked for a workaround ....

Tr. of Oral Argument at 41–42, AMG, 141 S.Ct. 1341 (No. 19-508). This is not merely an instance of the FTC misinterpreting the law, but implementing a deliberate strategy to ignore the law's text, limitations, and protections for defendants and third parties harmed by the FTC's overzealous enforcement program. That strategy, unfortunately, extended to this case and continues notwithstanding the *AMG* decision.

## **PROCEDURAL BACKGROUND**

The FTC brought this action against Defendants alleging that SBH has engaged in unfair or deceptive business practices directed at consumers. In these proceedings, the FTC obtained a Temporary Restraining Order (the "TRO") (Dkt. No. 19) and Preliminary Injunction (Dkt. No. 106) against SBH with the appointment of a receiver that has decimated the business of SBH and ultimately decimated the businesses of numerous SBH affiliates who have entered into a longstanding and successful business relationship with SBH.

In earlier proceedings in this Court, the video recorded and transcribed testimonials of dozens of affiliates were presented to the Court indicating overwhelming support for SBH in connection with SBH's defense against the FTC's efforts. (Dkt. No 167.) The affiliates categorically dispute FTC's claims against SBH and assert that: 1) they have not been harmed by SBH or otherwise subject to unfair or deceptive acts or practices by SBH; and 2) the injunctions and related orders entered by the Court have impaired their right to the goods and services they purchased, and seek to continue to purchase, and their constitutional right to these goods and services as well as education, information,

marketing materials, marketing strategies, office space and other resources from SBH. The TRO, the Preliminary Injunction, the receiver's actions regarding SBH and other events related to this case have greatly harmed SBH's affiliates. Certain of the affiliates' commissions are being withheld from them and the affiliates are otherwise being denied access to the products, service and information to enable them to continue their businesses.

Contrary to the FTC's assertions in this action, SBH's business model is founded on quality products and services that are sold to the public by affiliates with the affiliates full knowledge and understanding of SBH's business model. Affiliates know, and are prepared to present evidence to the Court, that SBH's business model includes growth through development of additional sales channels, additional affiliates and commissions based on sales through those sales channels, contrary to the FTC's claims that the affiliates were somehow subjected to deceptive business practices.

Despite the enormous benefit and service Intervenors have received from their investment in, and continued business relationship with, SBH, the FTC has, thus far, left the Court with the impression that SBH has deceived its affiliates. The FTC has remained deaf to the affiliates' pleas and its claims to this Court are demonstrably false. Intervenors are prepared, and have the right, to present to this Court their evidence that the FTC has misled the Court as to the nature of SBH's business model and disclosures to affiliates and as to the opinions and experiences of the affiliates who have actually operated under SBH's business model. The orders and the receiver's actions in this case have largely dismantled and shut down SBH's operations, depriving over hundreds of affiliates of their hard-earned

commissions as well as access to goods, services and information to enable them to continue their businesses.

While SBH has mounted its own defense in this action, SBH itself does not directly speak for its affiliates. Nor does the FTC. The FTC does not speak for the majority, or even a plurality, of SBH's affiliates, and has fought against affiliates' efforts to speak for themselves. Further, despite the efforts of SBH to bring the affiliate perspective to this Court's attention in prior proceedings in this matter, the FTC opposed, and the Court has not had the opportunity to meaningfully consider, that perspective and instead issued the TRO and the Preliminary Injunction without testimony of SBH's affiliates, appointing a receiver, and denying SBH's motion to join the affiliates as necessary parties.

As set forth in Intervenors' proposed Complaint in Intervention, the FTC does not in fact speak for, or protect, SBH affiliates. To the contrary, the FTC's actions, and the actions of the appointed receiver, have directly impaired the rights of SBH affiliates, in particular the right to previously earned commissions as well as access to continued goods, services and information, to allow SBH affiliates—the consumers that the FTC claims to protect—to receive the income which they have already earned, and to continue their businesses of selling the quality products of SBH to the public.

On February 18, 2021, 710 affiliates of SBH moved to intervene in this action. (*See* Dkt. No. 274.) On April 2, 2021, this Court denied the affiliates' prior motion as untimely. (*See* Dkt. No. 313.) Approximately three weeks later, the Supreme Court handed down the *AMG* decision, undermining the basis for this action by the FTC.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a) provides that "[o]n timely motion, the court *must* permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, a movant is entitled to intervene as a matter of right when the movant demonstrates the following four elements: (1) the intervenor's motion is timely; (2) the intervenor has "a significantly protectable interest relating to ... the subject of the action," (3) the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede the intervenor's ability to protect that interest"; and (4) the intervenor's interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)) (internal quotations and alteration omitted). Although a proposed intervenor bears the burden of establishing these four elements, "the requirements for intervention are to be broadly interpreted in favor of intervention." *Id.* (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)) (alteration omitted).

Alternatively, even if the Court is not persuaded that the SBH affiliates are entitled to intervene as a matter of right, permissive intervention is allowed where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A movant seeking permissive intervention under Rule 24(b) "need only satisfy two threshold requirements: (1) the prospective intervenor's motion to intervene is timely, and (2) the prospective intervenor has claims or defenses that share a common

1 | question of law or fact with the main action." *McIver v. KW Real Estate/Akron Co., LLC*,
2 | 2016 WL 8230634, at *2 (C.D. Cal. June 15, 2016).
3 |
4 | ―――――――――――――

1

## ARGUMENT

Intervenors satisfy the criteria to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), and certainly those for permissive intervention. One way or the other, the Court should not continue to turn a blind eye to interests of the very consumers whose rights are being impaired by the FTC. The court should grant the motion to intervene and permit the affiliates to assert their rights, which are being substantially impaired by the FTC's case against SBH in this action.

### I.      Intervenors Have Standing to Intervene in this Action.

As a threshold matter, Proposed Intervenors have standing to intervene in this action under Article III of the United States Constitution. Intervenors under Federal Rule of Civil Procedure 24 must demonstrate standing to bring their claims. *Ore. Prescription Drug Monitoring Program v. U.S. Drug Enforcement Admin.*, 860 F.3d 1228, 1231 (9th Cir. 2017). Standing is established by demonstrating an injury that is concrete and particularized, actual or imminent, and redressable by a favorable ruling. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted). Proposed Intervenors here satisfy those elements.

Proposed Intervenors are SBH affiliates who, as set forth in the attached proposed Complaint, have suffered loss of income and the right to pursue their livelihood because of the FTC obtaining restraints on SBH's operations. The harm is concrete and particularized, and actually occurring on an ongoing basis. Finally, the harm to the affiliates can be redressed by a favorable judgment on the claims set forth in the accompanying Complaint. Accordingly, Proposed Intervenors have standing.

### II.     Proposed Intervenors Have a Right to Intervene Pursuant to Federal Rule of Civil Procedure 24(a)(2).

1   As noted above, there are four elements to intervention as of right under Federal

2   Rule of Civil Procedure 24(a)(2): timeliness, protectable interest, practical impairment, and

3   inadequate representation. Intervenors satisfy each of these elements. When the Court

4   denied the prior motion to intervene, it did so on timeliness grounds. Since the Court's

5   ruling, however, circumstances have materially changed.

6

7          **A.    Proposed Intervenors' Renewed Motion is timely in light of the Supreme
8                  Court's recent *AMG* decision and the FTC's new Motion for Preliminary
9                  Injunction with Asset Freeze and Receivership.**

10         "Timeliness is determined by the totality of the circumstances facing would-be

11   intervenors," taking into account the stage of the proceedings, the prejudice to other parties,

12   and the reason for and length of the delay before seeking intervention. *Smith*, 830 F.3d at

13   854. Since the Court denied SBH affiliates' prior motion as untimely, the Supreme Court

14   decided *AMG*, and did so unanimously in a manner that establishes the unlawfulness of the

15   FTC's enforcement program under Section 13(b) of the FTC Act, including this lawsuit.

16   Proposed Intervenors now renew their motion to intervene shortly after the *AMG* ruling, and

17   before briefing is complete on the FTC's new Motion for Preliminary Injunction with Asset

18   Freeze and Receivership (Dkt. No. 351).

19

20         As *AMG* establishes, the FTC has used Section 13(b) of the FTC Act to obtain

21   restraints and damages for perceived past violations of the law, effectively bypassing

22   Sections 5 and 19 of the FTC Act (which do authorize monetary damages and other relief

23   for past violations), to avoid the procedural safeguards and administrative process required

24   by those provisions of the law. *See AMG*, 141 S. Ct. at 1346–47. The FTC's wrongful

25   reliance on Section 13(b) to pursue retroactive-looking relief in this and other cases, without

26   any due process as contemplated by Sections 5 and 19 of the FTC Act, has harmed not only

27

28

PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE

Defendants in this case, but Proposed Intervenors, who have had their livelihoods affected by the actions of the FTC in obtaining the preliminary injunction and receivership. Because the preliminary injunction and receivership were wrongly obtained by the FTC under the auspices of Section 13(b), they should be dissolved, so that Proposed Intervenors can resume their legitimate business activities associated with the SBH brand and products.

Given the *AMG* decision, it is not only appropriate, but necessary, that Proposed Intervenors be permitted to intervene at this juncture of the proceedings.

**B.      Intervenors have a protectable interest and would suffer practical impairment of that interest.**[3]

A proposed intervenor has a protectable interest sufficient for intervention if "the interest is protectable under some law" and "there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (internal quotations omitted). Put simply, "a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Cal. ex rel Lockyear v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Thus, the question of whether proposed intervenors have a protectable interest is intertwined with the third element of the mandatory intervention analysis: whether the proposed intervenors would suffer a practical impairment of their interests. Here, Intervenors indisputably have a protectable interest that would be impaired if they are not permitted to intervene.

---

[3] When this Court denied the prior motion to intervene, it did so on timeliness grounds and therefore did not reach the question of whether the SBH affiliates can establish a protectable interest and inadequate representation by the current parties. Accordingly, for completeness sake, Proposed Intervenors reiterate their arguments on those elements here.

Intervenors have earned money through the sales of SBH goods and services, and have substantially invested in their businesses to sell those goods and services to the public. Intervenors' businesses depend on ongoing access to the products, services and information provided by SBH, but are denied meaningful access to these essential goods, services and information by events in these proceedings. Investors have been further harmed by other actions of the FTC and restrictions placed upon SBH's business through the receiver, including but not limited to utilization of office space, marketing strategies, marketing materials and otherwise. Intervenors have a protectable interest in the property or transaction—i.e., their livelihoods selling the goods and services of SBH—which would suffer, and indeed already has suffered, devastating impairment as a result of this pending litigation and the orders obtained by the FTC. Intervenors have been unconstitutionally deprived of access to the commissions for past sales, as well as goods, services and information to engage in future sales, and will suffer permanent and irreparable injury if the FTC succeeds in expanding the devastating impact this litigation to, in all likelihood, permanently shutter SBH.

Accordingly, Intervenors satisfy the second and third elements for intervention as of right: protectable contractual and constitutional interest and practical impairment.

## C.     <u>Intervenors' interests are not adequately represented by the parties.</u>

Finally, Intervenors are entitled to intervene in this action as a matter of right because their interests are not adequately represented by the parties. This final element requires only a minimal showing that the existing parties' representation may be inadequate. *Smith*, 830 F.3d at 864 (citing *Trbovich v. United Mine Workers of Am.*, 404

U.S. 528, 538 n.10 (1972)). Here, both the FTC and SBH itself do not adequately represents Intervenors' interest. The FTC is plainly not representing Intervenors' interests and is in fact working against the interests of Proposed Intervenors—the very consumers it purports to seek to protect. As detailed above, the FTC has misled this Court about the perspective and experience of SBH affiliates and, therefore, Proposed Intervenors must present the Court with that evidence for themselves.

Further, while this Court previously noted that generally, there is a presumption that a government agency such as the FTC is adequately protecting its constituents' interests (*see* Dkt. No. 313 at 12), the FTC should not enjoy that presumption here. As discussed above and highlighted by Justices Breyer and Alito's comments at oral argument in the *AMG* case, the FTC has deliberately pursued an enforcement lawsuit program that is both unsupported by the plain language of the FTC Act and had the intent and effect of avoiding the procedural safeguards and rulemaking process contemplated by Sections 5 and 19 of the law. In other words, this program, *by design*, avoids providing due process. The FTC therefore cannot be presumed to be a benevolent actor that adequately and in good faith represents the interests of the government's constituents.

Although Proposed Intervenors support SBH in this action, SBH does not itself adequately represent Intervenors' interests. While SBH and Intervenors may be aligned as to the outcome of this litigation that they seek—the full continuation of SBH's business — they have independent interests and reasons for doing so. Intervenors seek the unhindered continuation of SBH's enterprise so that they can continue to receive products, services and information upon which their businesses are founded, regardless of any business or profit interest of SBH. SBH inadequately represents Proposed Intervenors' interest and Proposed

PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE

Intervenors must be afforded the opportunity to present their case to the Court for themselves. The final element of intervention as a matter of right is therefore satisfied. Accordingly, the Court should grant this motion and allow Proposed Intervenors to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2).

## II. Alternatively, the Court Should Permit Intervenors to Intervene Pursuant to Federal Rule of Civil Procedure 24(b).

In the event that the Court does not grant Intervenors' motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2), it should nonetheless permit Intervenors to intervene pursuant to Rule 24(b). In the case of permissive intervention, a movant need only demonstrate timeliness and that they have claims or defenses that share a common question of law or fact with the main action. *McIver*, 2016 WL 8230634, at *2. Here, Intervenors' motion is timely for the reasons discussed in Argument section I.A, above. Further, Intervenors' claim against the FTC as set forth in the accompanying Complaint plainly shares common questions of law and fact with the FTC's claims against SBH—namely, whether SBH has engaged in unfair or deceptive conduct that warrants relief that would effectively put SBH out of operation and deny Intervenors and numerous other SBH affiliates access to goods, services and information for their businesses to profitably function. Proposed Intervenors' claims are based on the reality that SBH has not deceived or misled its affiliates, that the affiliates have received and wish to continue to receive exactly what they expected and paid for, and that SBH should be able to continue operating without the FTC's intrusion. These rights are highly valued by the SBH, are necessary for the function of the businesses, are based on contract and constitutional right, and are at the heart of these proceedings.

1

2
    As such, even if Intervenors did not qualify for intervention as of right under Federal

3
Rule of Civil Procedure 24(a)(2) (which they do), the Court should permit them to intervene

4
pursuant to Rule 24(b).

5
                                   **CONCLUSION**
6

7
    For the reasons discussed above, the Court should grant this motion and allow

8
Proposed Intervenors to intervene in this action and deem the attached Complaint in

9
Intervention by SBH's affiliates against the FTC to be filed as of the granting of such

10
motion.

11

12
                                   Respectfully submitted,

13
Dated: June 1, 2021                /s/ Maurice R. Mitts

14                                 Maurice R. Mitts, Esq. (*pro hac vice*)
                                   MITTS LAW, LLC
15                                 1822 Spruce Street
                                   Philadelphia, PA 19103
16                                 (215) 866-0110 phone
                                   (215) 866-0111 fax
17                                 mmitts@mittslaw.com

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INTERVENORS' RENEWED RULE 24 MOTION TO INTERVENE