**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

On April 22, 2021, in the wake of the Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), the Court issued an order requiring the parties to file a joint memorandum setting forth their views on "whether the asset freeze and receivership in this action should be modified or vacated in light of *AMG Capital*." (Doc. 325.) After the parties filed their joint memorandum (Doc. 330), the Court held a hearing (Doc. 334.)

During that hearing, which took place on May 3, 2021, the Court expressed skepticism that it currently possesses jurisdiction to modify or vacate the asset freeze and receivership in light of the fact the Individual Defendants are pursuing an interlocutory appeal of the order denying their earlier motion to dissolve the preliminary injunction (which provided the foundation for the asset freeze and receivership). (Doc. 342 at 6-8, 32-33.) The Court further explained that "if I were either persuaded that I currently have jurisdiction or if some steps were taken in the future to return jurisdiction to me, my tentative view is, if the case were in front of me right now, I would dissolve the asset freeze

as it pertains to the individual defendants." (*Id.* at 33-34.) The Court also explained that, assuming the jurisdictional issues were satisfactorily resolved, it would consider "allowing the receivership to remain in place in this case," because the relevant legal authorities support "the concept that in general a receiver to prevent future harm is still permissible post *AMG Capital*," but would also consider dissolving the receivership because "there might be other tools at my disposal to prevent consumers from continuing to be harmed short of having a receiver to stay in place." (*Id.* at 37-38.) With this backdrop in mind, the Court authorized the Individual Defendants "to *file a motion* to ask me to dissolve or modify the preliminary injunction and receivership. And *that motion* needs to address both the jurisdictional issue and then separately set out on the merits what changes they think I should make and the grounds for those changes." (*Id.* at 33, emphases added; *see also* Doc. 334 ["[T]he Individual Defendants may file a motion to dissolve or modify the Preliminary Injunction and receivership . . . ."].)

The Individual Defendants did not quite comply with this invitation. Instead, on May 21, 2021, they filed a memorandum (not a motion) entitled "The Effect of *AMG Capital Management* on this Case." (Doc. 352.) In a nutshell, the memorandum argues that "[t]he defendants—all of them—are entitled to an immediate order vacating the preliminary injunction in this court, dismissing this case, and requiring the FTC to file its complaint with the Commission as required by the Federal Trade Commission Act. And the defendants are entitled to an order requiring the illegally appointed receiver to disgorge all the money she illegally took from the defendants." (*Id.* at 8.) In the memorandum, the Individual Defendants also contend that Rule 62(d) authorizes this Court to "dissolve the illegal preliminary injunction notwithstanding the appeal of its illegal orders." (*Id.* at 7.) In response, the FTC (1) points out that the Individual Defendants' filing is not styled as a motion and does not include a proposed order, (2) argues that the memorandum may be treated as a motion despite these shortcomings, (3) argues that the Individual Defendants' dismissal request fails on the merits for an array of reasons, and (4) argues that Rule 62(d) is inapplicable in this circumstance. (Doc. 355.) In reply, the Individual Defendants fault

the FTC for improperly attempting "to recharacterize the memorandum of law filed with this court as some sort of motion" and argue that the Court must *sua sponte* dismiss this action based on its judicial oath. (Doc. 357.)

Based on the materials filed by the parties since the May 3, 2021 hearing, the Court declines to take any action at this time. First, there is no proper request for judicial relief pending before the Court. Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[a] request for a court order must be made by motion" and that "[t]he motion must . . . state with particularity the grounds for seeking the order." Here, for reasons that are not apparent from the record, the Individual Defendants declined the offer to file a motion to dissolve or modify the preliminary injunction and receivership and instead chose to file a memorandum. Furthermore, when the FTC argued the memorandum could be treated as a motion, the Individual Defendants took umbrage with this suggestion and clarified that their filing wasn't a motion. So be it.

Second, even if a motion had been filed (or if the memorandum could be treated as a motion), the Court does not believe it has jurisdiction to dissolve or modify the asset freeze and receivership in light of the Individual Defendants' pending appeal. *See, e.g., Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties."); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 n.1 (9th Cir. 1977) ("The district court had no jurisdiction to 'modify and supersede' its order [granting preliminary injunction] after the filing of the notice of appeal."). Although Rule 62(d) carves out a limited exception to this principle, authorizing a district court to "suspend, modify, restore, or grant an injunction" even when "an appeal is pending from an interlocutory order . . . refus[ing] to dissolve or modify an injunction," the Ninth Circuit has clarified that this rule "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.

2001) (citation and internal quotation marks omitted). *See also* 2 Gensler, Federal Rules of Civil Procedure: Rules and Commentary, Rule 62, at 304 (2021) ("Despite the open-ended text of Rule 62(d) it is well established that the trial court's authority under Rule 62(d) is limited. The most common construction of Rule 62(d) limits its operation to rulings designed to preserve the status quo during the pendency of the appeal."). "Thus, any action taken pursuant to [Rule 62(d)] may not materially alter that status of the case on appeal." *Nat. Res. Def. Council*, 242 F.3d at 1166 (internal quotation marks omitted). As the FTC correctly states in its response: "Clearly, dissolution of the preliminary injunction would alter the status quo and therefore go beyond what is permitted by Rule 62(d)." (Doc. 355 at 8.)

Given these principles, there is no need to address the Individual Defendants' arguments regarding the merits of the dissolution/modification issue or regarding the necessity of dismissal. The Court does note, however, that in several recent decisions, the Ninth Circuit did not seem to interpret *AMG Capital* in the expansive manner urged in the Individual Defendants' memorandum. *FTC v. AMG Capital Management, LLC*, __ F.3d __, 2021 WL 2325137 (9th Cir. 2021) (on remand from Supreme Court, "REVERSING the district court's order awarding equitable monetary relief to the FTC" but otherwise not ordering the district court to make any changes as to liability findings); *FTC v. Publishers Bus. Servs., Inc.*, 2021 WL 2376969 (9th Cir. 2021) (reversing nearly $24 million award of equitable monetary relief, in FTC enforcement action brought under § 13(b) of the FTC Act, because "[t]he Supreme Court's decision in *AMG Capital* precludes the equitable monetary relief awarded in this case," but otherwise affirming the district court's order granting the permanent injunction and remanding "for further proceedings consistent with this decision to determine if any other relief is warranted").[1]

…

---

[1] The Individual Defendants cite another recent Ninth Circuit decision, *FTC v. VPL Med., Inc.*, 2021 WL 1664404 (9th Cir. 2021), as for support their interpretation of *AMG Capital*. (Doc. 352 at 7.) But in *VPL*, the Ninth Circuit vacated the preliminary injunction and remanded to the district court "for further proceedings consistent with the Supreme Court's decision in *AMG Capital Management*." *Id.* at **1. The implication is that further proceedings *could* be conducted "consistent with" *AMG Capital*.

Accordingly, **IT IS ORDERED** that the Court will **take no action** in response to the Individual Defendants' memorandum (Doc. 352).

Dated this 15th day of June, 2021.

> Dominic W. Lanza
> United States District Judge