**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>James D. Noland, Jr., et al.,<br><br>Defendants. | No. CV-20-00047-PHX-DWL<br><br>**ORDER** |

      In March 2021, following the close of fact discovery, Plaintiff Federal Trade Commission ("FTC") filed a motion for summary judgment as to liability. (Doc. 285.) The Individual Defendants filed their response in May 2021 (Docs. 335, 348) and the motion became fully briefed in June 2021 (Doc. 370), although the FTC later filed corrected versions of its briefs (Doc. 381). In mid-August 2021, the Court informed the parties that it was is in the process of reviewing the liability-related summary judgment briefing and intended to rule soon. (Doc. 395 at 4.) Separately, in June 2021, the FTC filed a motion for summary judgment as to remedies. (Doc. 365.) In mid-August 2021, that motion became fully briefed. (Docs. 392, 398.)

      Notwithstanding all of this, on September 6, 2021, the Individual Defendants filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure "for leave to supplement the record on the pending motions for summary judgment." (Doc. 402.) In a nutshell, the motion argues that, due to the purportedly "unlawful" orders issued during earlier stages of this case, which had the effect of freezing certain assets, "the Individual Defendants

have been hamstrung in their ability to afford counsel and for counsel to fully investigate the facts of this matter and defend their interests." (*Id.* at 2-3.) More specifically, the Individual Defendants contend that, due to the asset freezes, they were "unable to take key depositions, such as those of the FTC's investigator Adam Rottner, its expert Stacey Bosley, its data analyst Amanda Wilson, the receiver, and Evan Mendelson i[n] his capacity as a declarant making factual statements in support of the FTC's claims for relief" and were "unable to obtain evidence about and from alleged complainants, upon whose alleged statements the FTC's case is built." (*Id.* at 3-4.) Additionally, the motion accuses the FTC, both in its own capacity and "through the receiver," of engaging in the "deliberate destruction of critical evidence in the form of SBH's customer support ticketing system." (*Id.* at 4-6.) The motion concludes by asking the Court to "refrain from ruling on the pending summary judgment motions" so the Individual Defendants can pursue unspecified "discovery regarding the matters raised by this motion." (*Id.* at 6.) Notably, the motion is not accompanied by a declaration from counsel specifying the additional discovery that the Individual Defendants wish to pursue or explaining the relevance of that unspecified discovery to the issues raised in the FTC's pending (and fully briefed) summary judgment motions.

Although the FTC has not yet responded to the Individual Defendants' motion, the Court finds it unnecessary to receive further briefing. The motion is denied for several independent reasons.

First, the motion is untimely. "A motion under Rule 56(d) should be made before the close of discovery." *Miyares v. City of New York*, 2013 WL 3940816, *2 n.3 (S.D.N.Y. 2013). Here, fact discovery closed in December 2020. (Doc. 211). The Individual Defendants make no effort to explain why they failed to raise their Rule 56(d) request until nine months after the close of discovery—and, indeed, do not acknowledge that they have already filed responses to both of the FTC's summary judgment motions, which have been fully briefed for some time. *Cf. Gonzalez v. Garibay*, 2012 WL 12875366, *4 (S.D. Cal. 2012) ("Since Garibay's motion was not filed until two-and-a-half months after discovery

ended, . . . . the Court DENIES Gonzalez's untimely and unsupported request for relief under Rule 56(d).").

Second, the motion is procedurally deficient. Rule 56(d) provides that "[i]f a nonmovant *shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* (emphasis added). Put another way, a "party seeking to delay summary judgment for further discovery . . . . must show that: (1) it has *set forth in affidavit form* the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up) (emphasis added) (emphasis omitted). Here, the Individual Defendants have failed to submit the required affidavit or declaration from counsel.[1] This, alone, precludes relief. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("[Rule 56(d)] requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements . . . is a proper ground for denying discovery and proceeding to summary judgment.").

Third, even if the Court were to overlook this procedural deficiency and treat the motion as the Individual Defendants' declaration, relief would still be unwarranted. The motion is an exercise in vagueness—it makes no effort to identify the additional facts the Individual Defendants believe they would uncover if permitted to take the additional "key depositions" and makes no effort to explain why those unspecified missing facts are relevant to (let alone essential for opposing) the FTC's pending summary judgment arguments. Such a showing is a prerequisite to relief under Rule 56(d). *See, e.g.*, *Ohno v.*

---

[1] Although the Individual Defendants have provided declarations from three fact witnesses (Docs. 402-1, 402-2, 402-3), those declarations merely provide background details concerning SBH's customer support ticketing system—they make no effort to identify the additional discovery-related steps the Individual Defendants wish to pursue or explain why the facts generated during those discovery-related steps would be essential in opposing the FTC's summary judgment arguments.

- 3 -

*Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) ("[I]t is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts.") (internal quotation marks omitted); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) ("In making a [Rule 56(d)] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment.") (internal quotation marks omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 173 (2021) ("A general or conclusory assertion that additional discovery is needed will not suffice.").

Accordingly, **IT IS ORDERED** that the Individual Defendants' Rule 56(d) motion (Doc. 402) is **denied**.

Dated this 8th day of September, 2021.

Dominic W. Lanza
United States District Judge