**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>James D. Noland, Jr., et al.,<br><br>Defendants. | No. CV-20-00047-PHX-DWL<br><br>**ORDER** |

On September 9, 2021, the Court granted the FTC's motion for summary judgment as to liability against the Individual Defendants. (Doc. 406.) Afterward, the Individual Defendants filed a motion for reconsideration (Doc. 411), the Court solicited a response from the FTC (Doc. 416), the FTC filed a response (Doc. 420), and the Individual Defendants filed a reply (Doc. 426). For the following reasons, the motion for reconsideration is denied.

**RELEVANT BACKGROUND**

Before addressing the Individual Defendants' reconsideration arguments, it is helpful to summarize the order that is the subject of their reconsideration request—the order granting the FTC's motion for summary judgment as to liability.

In that order, the Court explained that the FTC has asserted three claims against the Individual Defendants under § 5(a) of the FTC Act. (Doc. 406 at 28-29.) Specifically, in Count One of the operative complaint, the FTC alleges that the Individual Defendants operated two different ventures, SBH and VOZ Travel, as illegal pyramid schemes; in

Count Two, the FTC alleges that the Individual Defendants made misleading representations about the likelihood of earning substantial income in each venture; and in Count Three, the FTC alleges that the Individual Defendants furnished SBH affiliates and VOZ Travel participants with materials containing false or misleading representations, thereby providing the means and instrumentalities for the commission of deceptive acts or practices. (*Id.*)

Turning to the merits, the Court explained that the FTC had, in its motion for summary judgment, raised distinct arguments as to why the Individual Defendants' conduct related to SBH and VOZ Travel provided pathways to liability. (*Id.* at 33-35, 42-43, 48.) The Court also noted that the FTC had proffered distinct evidence addressing each venture. (*Id.* at 4-15 [summarizing SBH-related evidence]; *id.* at 17-20 [summarizing VOZ Travel-related evidence].) In contrast, the Court noted that the Individual Defendants essentially ignored the VOZ Travel-related arguments and evidence in their response to the FTC's summary judgment motion, choosing to focus only on the SBH-related arguments and evidence. (*See, e.g., id.* at 34 ["The Individual Defendants' responsive arguments focus almost exclusively on SBH. Indeed, the word 'VOZ' only appears once throughout the Individual Defendants' entire brief."].) Accordingly, the Court found that the FTC's evidence related to the VOZ Travel program could be treated as undisputed under Rule 56(e)(2). (*Id.* at 2 ["Notably, the Individual Defendants failed to address (let alone dispute) many of the facts submitted by the FTC in support of its motion. As a result, those facts are considered undisputed for present purposes."].)

The Court ultimately concluded that the FTC was entitled to summary judgment on Counts One, Two, and Three based on its VOZ Travel-related evidence and arguments. Specifically, as for Count One, the Court concluded that the first prong of the Ninth Circuit's pyramid scheme test was satisfied because "the FTC has submitted undisputed evidence that consumers had to pay at least one form of upfront fee—in the form of the SBH annual $49 fee, a separate VOZ annual fee, and/or an initial purchase of VOZ Travel packs—in order to participate in the VOZ Travel program." (*Id.* at 35-36.) As for the

second prong of the pyramid scheme test, which addresses whether participants' rewards were largely based on recruitment (as opposed to product sales), the Court concluded it was satisfied because "[u]nlike with SBH, where Affiliates acquired products that could then be consumed or sold, with VOZ *there was no product at all*. Of note, even after the contract with Advantage Services fell through and no product was foreseeably available, the undisputed evidence shows that the Individual Defendants continued to push Affiliates to join VOZ Travel, purchase VOZ Travel packs, and recruit others to do so." (*Id.* at 36.) During the course of this analysis, the Court repeatedly emphasized the undisputed nature of the FTC's evidence and arguments related to VOZ Travel. (*See, e.g., id.* at 35 ["The Individual Defendants largely ignore the FTC's evidence and arguments related to the VOZ Travel program. Whatever the reason for this approach, it effectively dictates the outcome here—the FTC's initial evidentiary submissions are sufficient to meet its burden of production on the pyramid-scheme claim as applied to VOZ Travel and, because that evidence is essentially undisputed, it follows that the FTC is entitled to summary judgment."]; *id.* at 36-37 ["The Individual Defendants make no arguments and cite no evidence to demonstrate that there is a genuine dispute of material fact regarding VOZ Travel. . . . The Individual Defendants' failure to make any effort to defend the legality and legitimacy of VOZ Travel is telling."]; *id.* at 41 ["The FTC has established, and the Individual Defendants do not seriously dispute, that VOZ Travel operated as a pyramid scheme."].)

As for Count Two, the Court concluded the Individual Defendants' income claims regarding VOZ Travel—in which they claimed that participants could earn six- or seven-digit incomes through "Casual Effort"—were "obviously false" because "VOZ Travel did not even offer a product for sale." (*Id.* at 43.) As with Count One, the Court emphasized that the FTC's arguments and evidence on this topic were undisputed. (*Id.* ["The FTC is entitled to summary judgment . . . for the simple reason that the Individual Defendants do not even attempt to defend some of the categories of misrepresentations identified in the FTC's motion. As noted, the FTC specifically argues that Individual Defendants made

false income claims regarding VOZ Travel. . . . The FTC contends these representations were, due to their falsity, likely to mislead consumers and material. The Individual Defendants make no effort to argue otherwise and the Court agrees."].)

As for Count Three, the Court again concluded that the FTC was entitled to summary judgment because its evidence and arguments were undisputed. (*Id.* at 48 ["The FTC is entitled to summary judgment on Count Three. As the FTC correctly notes, liability on this claim flows from the finding of liability on Count Two, and the Individual Defendants make no effort to address this claim in their response."].)

Finally, for the sake of completeness, the Court also conducted an analysis of the SBH-related evidence and arguments bearing on Counts One and Two and concluded the FTC would not be entitled to summary judgment on those counts if it were moving solely on SBH-related grounds. (*Id.* at 37-41 [Count One]; *id.* at 46-47 [Count Two].) Nevertheless, because the VOZ Travel-related evidence and arguments provided an independent basis for granting summary judgment in the FTC's favor, the Court concluded that the FTC's motion should be granted "irrespective of the presence of any disputes of fact as to . . . SBH." (*Id.* at 42, 47.)

## DISCUSSION

I. <u>Legal Standard</u>

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).

…

II. The Parties' Arguments

The Individual Defendants seek reconsideration of the summary judgment order to the extent it granted summary judgment in the FTC's favor on Counts One, Two, and Three. (Doc. 411 at 5.) According to the Individual Defendants, "the FTC's purported evidence demonstrates that VOZ Travel packs were a legitimate product line that was about to launch at the time the FTC initiated this action and obtained the temporary restraining order. It is the FTC itself that caused the VOZ Travel pack not to launch, preventing the product line from reaching consumers. Accordingly, the court erred in . . . finding that the Individual Defendants failed to put forth any 'evidence to demonstrate that there is a genuine dispute of material fact regarding VOZ Travel' as a legitimate product line and not an illegal pyramid scheme." (*Id.* at 1.) In support of their assertion that they "had every intention of providing discounted travel packages to affiliates and consumers upon launch," the Individual Defendants proffer a piece of evidence they did not submit with their response to the FTC's summary judgment motion—a letter written by SBM's counsel on January 8, 2020 to Advantage Services, the VOZ Travel vendor. (*Id.* at 2, citing Doc. 81-2 at 71.)[1] In that letter, counsel made a demand that the vendor "cure the material breaches . . . within fifteen (15) days." (Doc. 81-2 at 71-72.) In the Individual Defendants' view, this letter demonstrates that the VOZ Travel contract "was not terminated as of January 13, 2020" and that the "*only* reason" why VOZ Travel participants never received a product that could be resold was the FTC's pursuit of a temporary restraining order as part of this case, which was the true cause of the Advantage Services contract termination. (*Id.* at 2-3.) Once this "crucial context" is considered, the Individual Defendants argue, "there is genuine, disputed issue of material fact as to VOZ Travel as a supposed pyramid scheme." (*Id.* at 3.) Finally, although the reconsideration motion focuses primarily on the circumstances surrounding the termination of the Advantage Services contract, the Individual Defendants also raise several additional arguments. First, they argue that the FTC's expert, Dr. Bosley, conducted "no analysis" as to VOZ Travel. (*Id.* at 4.) Second,

---

[1] This letter was originally proffered by the FTC during the early stages of this case in support of a different motion.

they argue that the affiliate declarations they submitted in response to the FTC's summary judgment motion "create a triable issue of fact" as to the VOZ Travel-related claims because some of these declarations "explicitly list the VOZ Travel product." (*Id.* at 4-5.) Third, they argue that, because they previously requested permission to "allow a new company to deliver the VOZ product to affiliates—*sans* any MLM component," this request provides "added context" and "wholly negates" any suggestion that VOZ Travel was a pyramid scheme. (*Id.* at 5.)

The FTC opposes the Individual Defendants' motion. (Doc. 420.) The FTC begins by arguing that the motion should be denied because the Individual Defendants cite the wrong legal standards and make no effort to satisfy LRCiv 7.2(g)'s standard for reconsideration. (*Id.* at 1-3.) In a related vein, the FTC notes that the Individual Defendants do not proffer any new "evidence that was not already in the record at the time they responded to the FTC's Liability MSJ," do not proffer any new legal authorities, and simply attempt to raise new arguments they could have raised (but did not raise) in their response to the summary judgment motion. (*Id.* at 3-4.) At any rate, the FTC contends the Individual Defendants' new arguments also fail on the merits. As for the letter to Advantage Services, the FTC contends it is irrelevant because (1) "[r]egardless of what might have happened had there been no TRO, the Individual Defendants, for three months prior to the TRO, ran a scheme that rewarded recruiting while providing no product or service," (2) the "Individual Defendants provide no evidence that they or Advantage Services actually planned to take advantage of the contractual 'cure period' to mend their relationship," and (3) in their answer, the Individual Defendants admitted that the Advantage Services contract had been terminated. (*Id.* at 4-5, citing Doc. 222 ¶ 79.) As for Dr. Bosley, the FTC contends that the Individual Defendants' arguments are "baffling" because "Dr. Bosley's report includes a detailed analysis of VOZ Travel, culminating in her conclusion that '[i]n promoting the VOZ compensation structure, SBH is offering a second pyramid scheme and misrepresenting the income opportunity to prospective and current participants.'" (*Id.* at 5, citing Doc. 286-7 at 75-84.) As for the affiliate

declarations, the FTC argues that the references to VOZ Travel purchases are irrelevant because "there was no VOZ Travel product, [so] what consumers actually bought was the right to earn income by recruiting additional consumers" and because the questionnaires didn't include any questions related to VOZ Travel. (*Id.* at 5-6.) Finally, as for the request for permission to allow a new company to deliver the VOZ Travel product, the FTC responds that the "Individual Defendants do not explain how this professed 'willingness and desire' relates to their *actual* operation of the product-less VOZ Travel pyramid scheme." (*Id.* at 6.)

The Individual Defendants filed a reply. (Doc. 426.) In response to the FTC's argument that they failed to submit any new evidence, the Individual Defendants cite the affiliate declarations they submitted in response to the FTC's summary judgment motion and note that several declarations contain references to the travel and training opportunities offered through VOZ Travel. (*Id.* at 2-3.) The Individual Defendants also reiterate their position that VOZ Travel was "actively in development" at the time this lawsuit was filed and that the FTC is to blame for the lack of a product launch. (*Id.* at 2, 4-5.) On that note, they contend there is "no authority . . . for the proposition that pre-launch sales of products or services in development inherently violate the law because there is no immediate delivery of the product or service to the purchasers." (*Id.* at 2.) Finally, the Individual Defendants argue for the first time that "the FTC and the Court misconstrue VOZ as a separate enterprise or entity from SBH, rather than what it was: a product of SBH" and suggest that, "[t]o the extent of any of the conflicting characterizations in the record of VOZ as a separate entity rather than a product of SBH, the Court erred in resolving those conflicting characterizations on summary judgment." (*Id.* at 3-4.)

III. Analysis

The Individual Defendants' motion for reconsideration is denied.

As an initial matter, the motion does not come close to satisfying LRCiv 7.2(g)'s standard for reconsideration. The Individual Defendants do not cite any new evidence or new legal authorities. Instead, they simply attempt to offer new arguments in defense of

the VOZ Travel program that they failed to raise in their response to the FTC's summary judgment motion. This is impermissible. *See, e.g., Motorola*, 215 F.R.D. at 582 ("Motions for reconsideration are . . . not the place for parties to make new arguments not raised in their original briefs.").

To the extent the Individual Defendant seek to proffer, for the first time, certain pieces of evidence (such as the January 8, 2020 letter to Advantage Services) in support of their new VOZ Travel-related arguments, this approach is also foreclosed by Rule 56. In its summary judgment motion, the FTC proffered extensive evidence suggesting that the Individual Defendants' statements regarding the VOZ Travel program were "a complete fabrication," that "[t]here was nothing," that "SBM and Advantage Services both terminated the entities' contract with each other" before the issuance of the TRO, and that the Individual Defendants "had not retained a new vendor as of the entry of the TRO." (Doc. 285 at 20.) In their response to the FTC's motion, the Individual Defendants failed to respond to the FTC's proffered evidence on these points. (Doc. 335.) For this reason, the FTC's evidence on these points was considered undisputed under Rule 56(e)(2). (Doc. 406 at 2.) The Court was entitled to rely on this undisputed evidence for purposes of its summary judgment analysis, and the Individual Defendants cannot obtain reconsideration of the summary judgment order by belatedly proffering evidence that was always available to them in an effort to create factual disputes. *See, e.g., Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011) (affirming denial of "Preston's motion to reconsider" where one of the "improper" purposes of the motion was to "belatedly bring[] the DHS applications to the district court's attention, even though the DHS applications were available to Preston at the time he resisted defendants' summary judgment motion"); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (denying Rule 59(e) motion, where movant "submitted a second affidavit of Moro that contained statements not found in Moro's initial affidavit filed in opposition to Shell's summary judgment motion," because "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could

and should have been presented to the district court prior to the judgment"). *See generally* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 170 (2021) ("Parties sometimes seek to introduce additional evidence after summary judgment has been granted by seeking reconsideration . . . [but] courts generally will not consider evidence if it was available with reasonable diligence at the time the court resolved the summary judgment motion.").

The Individual Defendants' new arguments also fail on the merits. As for Count One, the Individual Defendants do not seem to dispute the conclusion in the summary judgment order that the first prong of the pyramid scheme test was satisfied as to VOZ Travel. Instead, they seem to dispute only the finding as to the second prong—that participants' rewards were primarily based on recruitment rather than retail sales. Nothing in the Individual Defendants' motion suggests this finding was incorrect, let alone manifestly erroneous. As the FTC correctly points out in its response, sales of VOZ Travel packs spanned for many months despite the absence of an underlying product and the sales efforts even continued after relationship with Advantage Services began to fall apart. Additionally, and as noted in the summary judgment order, it is undisputed that Noland made false statements during a December 20, 2019 phone call related to the VOZ Travel program, by falsely claiming that the "biggest travel deal ever" had "just happened" and been "inked" when, in fact, no new travel contract had just been signed. (Doc. 406 at 18-19.) On this record—and particularly in light of the Individual Defendants' failure to offer any sort of defense of the VOZ Travel program in their summary judgment response—it would have been wholly speculative to conclude that, but-for the FTC's pursuit of this lawsuit, the Advantage Services relationship would have somehow been repaired in mid-January 2020, resulting in the provision of travel products to consumers for resale. Nor would such a hypothetical development have undermined the finding underlying the liability finding on Count One—that, on this record, VOZ Travel rewards were based primarily on recruitment.

The phrase "on this record" has significance here. In their reply in support of their

motion for reconsideration, the Individual Defendants seem to suggest that the liability finding as to Count One was based on "the proposition that pre-launch sales of products or services in development inherently violate the law because there is no immediate delivery or the product or service to the purchasers." (Doc. 426 at 2.) This is inaccurate. In a different case, with different facts, such pre-launch sales might very well be permissible. Nevertheless, the facts of this case—which, again, were deemed undisputed for summary judgment purposes in light of the Individual Defendants' failure to dispute the FTC's evidence related to VOZ Travel or proffer their own arguments and defenses related to that program—were that the Individual Defendants sold VOZ Travel packs over a period of many months despite the absence of an underlying product, continued their sales efforts even after the underlying contract was terminated, failed to disclose the termination of the contract during certain communications with consumers, and made affirmative false statements to consumers about other aspects of the contractual relationship.

The Individual Defendants also raise various reconsideration arguments that are based on the contents of the affiliate declarations. As an initial matter, those arguments fail because the Individual Defendants made no effort in their summary judgment response to identify any statements within the declarations—which were submitted as a single, 1,882-page exhibit (Doc. 335-3)—that touched upon the VOZ Travel program. It was not the Court's role to hunt through such a voluminous exhibit in search of isolated statements that might support the Individual Defendants' position, particularly where the Individual Defendants made no effort in their response to defend the VOZ Travel program. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."); Gensler, *supra*, Rule 56, at 169-70 ("The court has no duty to search the record to identify the facts that might . . . defeat summary judgment. . . . [A] party who fails to cite to materials in the record cannot complain when the judge does not independently locate them and consider them when ruling."). Nor do the belatedly proffered portions of the affiliate declarations create a triable issue of fact as to the VOZ Travel pyramid-scheme liability finding. For example, even assuming that one consumer *believed* he was obtaining a

"travel opportunity" when he purchased a VOZ Travel pack (Doc. 335-3 at 123), the undisputed evidence submitted by the FTC establishes that no such opportunity actually existed.

As for the Individual Defendants' post-lawsuit statements concerning their desire to begin operating VOZ Travel without an MLM component, these statements shed no light on whether the Individual Defendants' pre-lawsuit operation of VOZ Travel with an MLM component qualified as a pyramid scheme.

As for the Individual Defendants' contention that it was erroneous to construe VOZ Travel and SBH as separate enterprises, this argument fails for several reasons. First, it is not properly before the Court. The Individual Defendants not only failed to raise this argument in their summary judgment brief but also failed to raise it in their motion for reconsideration, instead waiting to raise it for the first time in their reply in support of their reconsideration motion. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Second, on the merits, this marks another instance where the Individual Defendants are improperly seeking to reopen factual issues that were established against them for summary judgment purposes due to their failure to respond to the FTC's evidence and arguments. As discussed above, the FTC's summary judgment motion raised distinct arguments as to why the Individual Defendants' conduct related to SBH and VOZ Travel provided pathways to liability and proffered distinct evidence addressing each venture. For example, the FTC's expert, Dr. Bosley, opines that "[i]n promoting the VOZ compensation structure, SBH is offering a second pyramid scheme." (Doc. 286-7 at 84.) It was not manifestly erroneous to treat this evidence as undisputed under Rule 56(e)(2) and then rely on that undisputed evidence for purposes of the resulting summary judgment analysis.

Finally, given these conclusions, the Individual Defendants have also failed to identify any basis for reconsideration of the liability findings on Counts Two and Three.

…

…

Accordingly, **IT IS ORDERED** that the Individual Defendants' motion for reconsideration (Doc. 411) is **denied**.

Dated this 25th day of October, 2021.

Dominic W. Lanza
United States District Judge