**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

In August/September 2021, the Court issued an order granting the FTC's motion for an adverse-inference sanction against the Individual Defendants based on their intentional destruction of electronically stored information ("ESI") (Doc. 401) and a separate order granting the FTC's motion for summary judgment as to liability against the Individual Defendants (Doc. 406).   Afterward, the Individual Defendants filed a motion for reconsideration as to the summary judgment order (Doc. 411), which the Court has since denied (Doc. 427), and a motion asking the Court to certify the sanctions and summary judgment orders for interlocutory review (Doc. 418).   The FTC filed a response in opposition to the certification request (Doc. 423) and the Individual Defendants did not file a reply.  For the following reasons, the certification request is denied.

## DISCUSSION

I.    Legal Standard

The statute invoked in the Individual Defendants' certification motion, 28 U.S.C. § 1292(b), provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id.* As the Ninth Circuit has explained, "Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). To grant a § 1292(b) motion, a district court must first find "that the certification requirements of the statute have been met. These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 1026. Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.*

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Heaton v. Soc. Fin., Inc.*, 2016 WL 232433, *2 (N.D. Cal. 2016) (internal quotation marks omitted). District courts should certify non-final orders under § 1292(b) only in "rare circumstances," and "[e]ven where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (quotation marks omitted).

II.   The Parties' Arguments

The Individual Defendants argue that the sanctions and summary judgment orders should be certified for immediate appellate review because they "go to the heart of the Individual Defendants' alleged liability in this action" and "reflect the gravity of the issues

raised by the motions." (Doc. 418 at 2.)  As for the sanctions order, the Individual Defendants contend that the certification factors are satisfied because the order was based on a "finding that [the] Individual Defendants' auto-deleted Signal messages were evidence that would have been beneficial to the FTC and adverse to the Individual Defendants" and because the order "effectively reflects the Court's determination . . . that [the] Individual Defendants are dishonest and lack credibility." (*Id.* at 2-3.)  According to the Individual Defendants, such a "determination of . . . credibility and character presents a central, controlling issue of law as to which there is a substantial ground for difference of opinion." (*Id.* at 3.)  The Individual Defendants further contend that immediate review of the sanctions order would "materially advance the conclusion of this case, so as not to delay what would otherwise be an issue for appeal if and when the current proceedings in this matter are closed." (*Id.*)  As for the summary judgment ruling on liability, the Individual Defendants contend it "also presents a matter that is appropriate for interlocutory review" because such review "will define whether and to what extent the Court would have to even take up the FTC's pending motion for summary judgment on remedies." (*Id.* at 3-4.)

The FTC opposes the Individual Defendants' certification request. (Doc. 423.)  As for the first certification factor, the FTC contends that the Individual Defendants "identify no question of law, much less a controlling question as § 1292(b) requires," and "merely identify two lengthy orders for which they disagree with the outcome." (*Id.* at 2.)  The FTC also asserts that the sanctions order and summary judgment order were both fact-bound decisions and notes that the Individual Defendants characterized the summary judgment order as "fact-intensive" in a previous filing. (*Id.* at 3-4.)  As for the second certification factor, the FTC argues that the Individual Defendants "make no effort to explain (let alone establish, as § 1292(b) requires) how substantial grounds for difference of opinion exists about the two Orders at issue" and that their "silence on this statutory element is fatal to their Motion." (*Id.* at 4.)  As for the third certification factor, the FTC argues that interlocutory review would not materially advance the ultimate termination of this litigation for an array of reasons, including that the Court has already "granted

summary judgment on all counts and has a fully briefed motion for monetary remedies"
and "[t]he only remaining piece is the scope of injunctive conduct relief, which the FTC"
intends to brief in the near future. (*Id.* at 5-6.)

As noted, the Individual Defendants did not file a reply.

III.    <u>Analysis</u>

The Individual Defendants' certification request fails for several independent
reasons.

As for the first certification factor, an issue presents a "controlling question of law"
if its resolution on appeal "could materially affect the outcome of litigation in the district
court." *Cement Antitrust Litig.*, 673 F.2d at 1026.  Generally speaking, a "question of law"
is "a pure legal question, such that the court of appeals could decide the question quickly
and cleanly without having to study the record." *Heaton*, 2016 WL 232433 at *3 (internal
quotation marks omitted).  Here, although the Individual Defendants assert in conclusory
fashion that the two challenged orders involve controlling questions of law, they identify
no such questions in their motion.  Ultimately, the Individual Defendants explain that they
disagree with the Court's resolution of several intensely fact-bound questions—such as
whether the "auto-deleted Signal messages were evidence that would have been beneficial
to the FTC and adverse to the Individual Defendants," whether the Individual Defendants
acted with "malicious intent" when deleting ESI, and whether "there was a dispute of fact
regarding VOZ Travel as an alleged pyramid scheme" (Doc. 418 at 2-4)—and hope to
obtain immediate appellate review as to those issues.  Certification is inappropriate in this
circumstance. *See, e.g.*, *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 536 (9th Cir.
2018) ("[A]lthough Barnes did not request certification of an interlocutory appeal under 28
U.S.C. § 1292(b), we seriously doubt that the district court would have granted such a
request given the evidentiary nature of its rulings.  In the district court's view, Barnes was
not entitled to maintenance due to evidentiary insufficiency rather than a controlling
question of law as required by § 1292(b)."); *SolarCity Corp. v. Salt River Project Agric.
Improvement*, 2015 WL 9268212, *4 (D. Ariz. 2015) ("Because this issue turns on

questions of fact and would only bar damages, not SolarCity's claims for equitable relief under the federal antitrust laws, it is not a controlling question of law."); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223884, *3 (C.D. Cal. 2011) (where appellate court would need to engage in "extensive factual review" on appeal, § 1292(b)'s "controlling question of law" requirement not met); *Harris v. Vector Mkting. Corp.*, 2009 WL 4050966, *2 (N.D. Cal. 2009) (collecting cases and noting that whether there is a genuine issue of material fact on summary judgment "is not the kind of question of law that [§ 1292(b)] is meant to cover."). *See also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("[D]istrict judges should . . . remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted.").

As for the second certification factor, "[t]o determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal quotation marks omitted). However, "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* Here, having failed to identify any controlling issues of law underlying the two challenged rulings, it follows that the Individual Defendants have also failed to establish the existence of substantial grounds for difference of opinion as to those unspecified issues. Tellingly, the Individual Defendants' motion contains no case citations whatsoever.

1      Finally, the third certification factor requires consideration of whether "resolution

2  of a controlling legal question would serve to avoid a trial or otherwise substantially

3  shorten the litigation." *McFarlin,* 381 F.3d at 1259.  That standard is not satisfied here for

4  the reasons set forth in the FTC's response.

5      Accordingly,

6      **IT IS ORDERED** that the Individual Defendants' motion for certification (Doc.

7  418) is **denied**.

8      Dated this 4th day of November, 2021.

9

10

11  _____

12  Dominic W. Lanza
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28