EVAN M. MENDELSON, DC Bar No. 996765
JONATHAN W. WARE, DC Bar No. 989414
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2726; jware1@ftc.gov (Ware)

Attorneys for Plaintiff Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>James D. Noland, Jr., *et al.*,<br><br>　　　　Defendants. | No. CV-20-0047-PHX-DWL<br><br>**PLAINTIFF'S NOTICE OF READINESS FOR FINAL PRETRIAL CONFERENCE** |

**I.   PARTIES' READINESS FOR SCHEDULING FINAL PRETRIAL CONFERENCE**

Pursuant to the Court's May 28, 2020 Case Management Order (Doc. 142), the FTC hereby provides notice that there are no dispositive motions pending, and the FTC is ready for scheduling a Final Pretrial Conference. Nevertheless, for the reasons explained in Part II below, the FTC respectfully submits that judicial efficiency would be best served by the Court's delaying scheduling the Final Pretrial Conference.

Counsel for the Individual Defendants informed the FTC they are *not* ready to proceed with scheduling the Final Pretrial Conference and intend to make a separate filing soon on that point in light of counsel's recent surgery (*see* Doc. 439-1).

Counsel for the receiver is ready for scheduling a Final Pretrial Conference. The Receiver agrees with the FTC, however, that for reasons of judicial efficiency it may be

better to delay scheduling the Final Pretrial Conference as set forth in Section II.B. below.

## II. FTC'S STATEMENT OF MATTERS BEST RESOLVED PRIOR TO SCHEDULING FINAL PRETRIAL CONFERENCE.

Although the FTC is ready to proceed, the FTC respectfully requests that the Court delay scheduling the Final Pretrial Conference until (1) the Court has ruled on the FTC's Motion for Contempt Sanctions (Contempt Doc.[1] 106); and (2) the parties or the Court have resolved the issue of the Corporate Defendants' representation and/or the question whether the Court's liability ruling against the Individual Defendants applies to the Corporate Defendants.  The FTC also respectfully requests guidance from the Court regarding the scope of a trial in this matter.

### A. FTC's Pending Motion for Compensatory Contempt Sanctions

On July 6, 2020, the Court granted in part the FTC's motions for order to show cause why the Contempt Defendants[2] should not be held in contempt of the Court's 2002 Permanent Injunction against Jay Noland.  (Contempt Doc. 101.)  The Court explained that it would not address the FTC's request for civil contempt sanctions until "after it resolves the FTC's request for a permanent injunction" in this matter (the "Noland Matter").  (*Id.* at 404.)  On April 19, 2021, however, the Court granted the FTC's motion for leave to file a motion for civil compensatory contempt sanctions prior to the resolution of the Noland Matter, accepting the FTC's argument that a finding of contempt in the Contempt Matter might be relevant to the scope of injunctive relief in the Noland Matter.  (Contempt Doc. 103.)  On June 23, 2021, the FTC filed its motion (the

---

[1] The Contempt Matter is *FTC v. Netforce Seminars, et al.*, No. CV-00-2260-PHX-DWL (D. Ariz.).

[2] The Contempt Defendants are Jay Noland, Scott Harris, Thomas Sacca, Success By Media LLC, and Success By Media Holdings Inc.

"Contempt Motion") seeking a finding that the Contempt Defendants violated the 2002 Noland Permanent Injunction (Contempt Doc. 66) and a judgment of approximately $7 million in civil compensatory contempt sanctions. (Contempt Doc. 106.) That Motion is fully briefed. (Contempt Docs. 106, 112, 114.)

If the Court grants the Contempt Motion, it would almost certainly obviate the need for a trial in this matter, at least as to all Defendants other than non-Contempt Defendants Lina Noland and Enhanced Capital Funding, regarding the proper monetary remedy, under Section 19 of the FTC Act (15 U.S.C. § 57b), for Defendants' rule violations because the FTC's requested rule sanctions arise from the same transactions for which the FTC seeks contempt sanctions in the form of full refunds. If the Court does not grant the Contempt Motion, the next step in the Contempt Matter likely would be an evidentiary hearing on the FTC's contempt allegations and/or the amount of contempt sanctions. In that scenario, given the overlapping factual and legal issues, as well as parties, between the Contempt Matter and Noland Matter, the Court's and the parties' resources would best be served by conducting a single, consolidated trial.

### B.   Status of Case Against Corporate Defendants

The FTC's Motion for Summary Judgment as to Liability asked the Court to enter judgment as a matter of law "against all Defendants on all counts." (Noland Doc. 285 at 35.) The FTC also asked the Court to find Success By Media Holdings Inc., Success By Media LLC, and Enhanced Capital Funding (collectively, the "Corporate Defendants") "jointly and severally liable" and to find the individual defendants jointly and severally liable for the Corporate Defendants' wrongdoing. (Noland Doc. 285 at 34-35.) The Court, however, declined to grant the FTC's request regarding the Corporate Defendants, relying on its understanding that the FTC had agreed that "its proceedings against the Corporate Defendants would be stayed pending the resolution of the litigation against the Individual Defendants." (Noland Doc. 406 at 23-24 (citing Noland Doc.168 at 6, 12-

13).)  (For the reasons explained previously, the FTC respectfully submits that this misinterprets the FTC's prior position.  (Noland Doc. 413 at 5 n.4.))  In particular, the Court held that its Summary Judgment Order was "applicable only to the Individual Defendants" (Noland Doc. 406 at 24) and was "not binding on the Corporate Defendants should they seek to contest at a later date any of the FTC's allegations against them." (Noland Doc. 406 at 52).

At this point, proceeding to trial without resolving the status of the litigation as to the Corporate Defendants would be inefficient because it could result in either (1) a more expansive trial than would otherwise be necessary, in which the FTC must prove liability as to the Corporate Defendants; or (2) a second trial for the Corporate Defendants that follows a first trial for the Individual Defendants (and perhaps more trials depending on how the Court handles this issue in light of the Contempt Matter).

The FTC proposes avoiding these inefficient outcomes by allowing the parties and Receiver further time to meet and confer with Individual Defendants' new counsel regarding the status of the case as to the Corporate Defendants.[3]  If the parties cannot agree, the FTC will file a motion requesting appropriate relief on or before December 23, 2021.

The Receiver agrees with the FTC that it would be better to allow time for the FTC, the Receiver, and Individual Defendants' new counsel to try and reach an agreed-upon position regarding the Corporate Defendants.  As it currently stands, the Receiver does not believe he has a good faith basis to contest liability.  That position was made clear in the Receiver's initial (February 2020) report.  Since writing that report, the

---

[3] On November 1, 2021, the Court, by unnumbered docket entry, granted the *pro hac* admission of counsel for the Individual Defendants, but also on behalf of the Corporate Defendants.  The Receiver has informed the FTC that the Receiver did not consent to this representation, and counsel for the Individual Defendants has confirmed the *pro hac* application to represent the Corporate Defendants was inadvertent.

4

Receiver has not been advised by the Individual Defendants, or counsel for the Individual Defendants, of any defenses that the Corporate Defendants might raise that would be materially different than those already being advanced by the Individual Defendants.

### C.   Scope of Trial (Success By Health Pyramid Scheme)

The FTC respectfully requests further guidance from the Court on whether it will permit the FTC to prove at trial that Defendants' Success By Health ("SBH") program was a pyramid scheme that Defendants promoted by using false income claims.

In its Order granting the FTC's Motion for Summary Judgment as to Liability, the Court found that the FTC had satisfied prong one of the pyramid test as to SBH and, on prong two, had presented a "mountain of evidence demonstrating that SBH's structure, incentives, policies, and the repeated statements of the Individual Defendants were all focused on getting Affiliates to recruit new members."  (Noland Doc. 406 at 37-38.)  The Court nevertheless found a "triable issue of material fact" regarding whether SBH was a pyramid scheme and whether Defendants had misled consumers regarding their potential earnings in SBH.  (*Id.* at 38, 40, 46.)

In an Order issued the next day, the Court denied the FTC's motion to exclude the Individual Defendants' expert testimony, explaining that because the FTC had proven the Individual Defendants' liability on all counts (as to VOZ Travel), "there will not be a trial on whether SBH also operated as an illegal pyramid scheme."  (Noland Doc. 407 at 2.)  The FTC sought clarification of the Order, explaining that a trial regarding SBH might be necessary to determine the appropriate injunctive relief to enter against the Individual Defendants.  (Noland Doc. 413 at 3-5.)  The Court granted that FTC's clarification motion, but did not indicate whether a trial regarding SBH would be necessary.  (Noland Doc. 422.)

At the Individual Defendants' trial, the FTC intends to prove (1) the amount of monetary judgment "necessary to redress injury to consumers," 15 U.S.C. § 57b(b), from

5

the Individual Defendants' rule violations, and (2) that strong injunctive relief is necessary to prevent Individual Defendants from further harming consumers. Regarding injunctive relief, the fact that Defendants ran not one, but two, pyramid schemes further supports the need for fencing-in relief. As to monetary relief, whether SBH was a pyramid scheme is relevant to what, if any, "value" consumers received from the products or services they purchased from Defendants. (Doc. 438 at 14 (faulting FTC for failing to "account for the inherent value of the products and services received by consumers").)

Dated: November 30, 2021                Respectfully submitted,

                                        /s/ Evan M. Mendelson
                                        EVAN M. MENDELSON, DC Bar No. 996765
                                        JONATHAN W. WARE, DC Bar No. 989414
                                        Federal Trade Commission
                                        600 Pennsylvania Ave. NW
                                        Mailstop CC-9528
                                        Washington, DC 20580
                                        (202) 326-3320; emendelson@ftc.gov
                                        (202) 326-2726; jware1@ftc.gov
                                        (202) 326-3197 (Fax)

                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION