EVAN M. MENDELSON, DC Bar No. 996765
JONATHAN W. WARE, DC Bar No. 989414
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2726; jware1@ftc.gov (Ware)

Attorneys for Plaintiff Federal Trade Commission

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-0047-PHX-DWL |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY REGARDING NOTICE OF READINESS FOR FINAL PRETRIAL CONFERENCE** |
| James D. Noland, Jr., *et al.*, | |
| Defendants. | |

Individual Defendants' response to the FTC's Notice of Readiness for Final Pretrial Conference focuses on a grab bag of issues that are unrelated to trial scheduling and as to which they seek no relief, whether by motion or otherwise.  (Doc. 446 at 2-4, 5-7.)  The FTC will, of course, respond to Individual Defendants' arguments should they raise them in an appropriate fashion or if the Court requests further briefing.

Below, the FTC briefly addresses the Individual Defendants' responses to the three matters raised in the FTC's Notice (Doc. 442).

**I.     INDIVIDUAL DEFENDANTS AGREE THE COURT SHOULD RESOLVE THE CORPORATE DEFENDANTS' REPRESENTATION BEFORE TRIAL IF THE PARTIES ARE UNABLE TO DO SO.**

The FTC's Notice proposed that the Court delay scheduling the Final Pretrial Conference until the parties or Court resolved the status of the litigation as to the Corporate Defendants.  (Doc. 442 at 3-5.)  Individual Defendants do not directly respond

to this scheduling request, instead previewing their arguments regarding representation of the Corporate Defendants.  (Doc. 446 at 4-7.)  Because, however, Individual Defendants propose continuing their meet and confer with the Receiver and then filing an appropriate motion, if necessary, in January 2022, they appear to agree that the Corporate Defendant issues should be resolved before the case proceeds.  In the parties' December 16 meet-and-confer teleconference, the Individual Defendants stated that they would file any such motion by January 7.  The FTC agrees that this approach is appropriate.[1]

## II.  INDIVIDUAL DEFENDANTS PROVIDE NO BASIS FOR SEPARATING THE CONTEMPT HEARING FROM TRIAL IN THIS MATTER.

In a section header, Individual Defendants declare that the Contempt Matter should be tried "separately and last."  (Doc. 446 at 7.)  The text below the header, however, bears no apparent relation to this assertion.  (*Id.* at 7-8.)  Instead, Individual Defendants simply declare that any contempt sanction "should not exceed the monetary loss in the underlying case, if any."  (Doc. 446 at 8.)  Even if that were the law (it is not), the Court could apply this standard at a consolidated hearing.  Additionally, the Individual Defendants do not address the FTC's argument that holding separate trials would be inefficient, given the overlapping factual and legal issues.  (Doc. 242 at 2-3.)

## III.  INDIVIDUAL DEFENDANTS DO NOT OPPOSE THE FTC'S REQUEST TO PROVE THEY DECEPTIVELY MARKETED THE SBH PYRAMID SCHEME.

Individual Defendants provide no response to the FTC's request to prove at trial that (1) SBH was a pyramid scheme and (2) Individual Defendants deceptively marketed SBH.  (Doc. 442 at 5-6.)  These issues are relevant to scope of injunctive relief and,

---

[1] The FTC previously told the Court that it would file any necessary motion by December 23, 2021.  (Doc. 442 at 4.)  Because the Individual Defendants intend to continue discussions with the Receiver, the FTC will not file its own motion at this time and will instead respond to any motion filed by the Individual Defendants. With its response to that motion, the FTC might also file a motion seeking to apply the Court's liability summary judgment ruling (Doc. 406) to the Corporate Defendants.

potentially, to Section 19 monetary relief.  (*Id.*)  The FTC therefore respectfully requests that the Court allow the FTC to prove its case as to SBH, notwithstanding the Court's prior statement that there would be no trial as to whether SBH was an illegal pyramid scheme.  (Doc. 407 at 2; *see also* Doc. 413 at 3-5; Doc. 422.)

Dated:  December 22, 2021                    Respectfully submitted,

<u>/s/ Evan M. Mendelson</u>
EVAN M. MENDELSON, DC Bar No. 996765
JONATHAN W. WARE, DC Bar No. 989414
Federal Trade Commission
600 Pennsylvania Ave. NW
Mailstop CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2726; jware1@ftc.gov
(202) 326-3197 (Fax)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION