**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Individual Defendants' motion for relief pursuant to Rule 54(b). (Doc. 474.) The motion functionally represents a second attempt by the Individual Defendants to seek reconsideration of an adverse partial summary judgment ruling. For the reasons that follow, the motion is denied.

**RELEVANT BACKGROUND**

On September 9, 2021, the Court granted the FTC's motion for summary judgment as to liability against the Individual Defendants. (Doc. 406.) In that order, the Court explained that the FTC has asserted three claims against the Individual Defendants under § 5(a) of the FTC Act. (Doc. 406 at 28-29.) Specifically, in Count One of the operative complaint, the FTC alleges that the Individual Defendants operated two different ventures, SBH and VOZ Travel, as illegal pyramid schemes; in Count Two, the FTC alleges that the Individual Defendants made misleading representations about the likelihood of earning substantial income in each venture; and in Count Three, the FTC alleges that the Individual Defendants furnished SBH affiliates and VOZ Travel participants with materials

containing false or misleading representations, thereby providing the means and instrumentalities for the commission of deceptive acts or practices. (*Id.*)

Turning to the merits, the Court explained that the FTC had, in its motion for summary judgment, raised distinct arguments as to why the Individual Defendants' conduct related to SBH and VOZ Travel provided pathways to liability. (*Id.* at 33-35, 42-43, 48.) The Court also noted that the FTC had proffered distinct evidence addressing each venture. (*Id.* at 4-15 [summarizing SBH-related evidence]; *id.* at 17-20 [summarizing VOZ Travel-related evidence].) In contrast, the Court noted that the Individual Defendants essentially ignored the VOZ Travel-related arguments and evidence in their response to the FTC's summary judgment motion, choosing to focus only on the SBH-related arguments and evidence. (*See, e.g.*, *id.* at 34 ["The Individual Defendants' responsive arguments focus almost exclusively on SBH. Indeed, the word 'VOZ' only appears once throughout the Individual Defendants' entire brief."].) Accordingly, the Court found that the FTC's evidence related to the VOZ Travel program could be treated as undisputed under Rule 56(e)(2). (*Id.* at 2 ["Notably, the Individual Defendants failed to address (let alone dispute) many of the facts submitted by the FTC in support of its motion. As a result, those facts are considered undisputed for present purposes."].)

The Court ultimately concluded that the FTC was entitled to summary judgment on Counts One, Two, and Three based on its VOZ Travel-related evidence and arguments. Specifically, as for Count One, the Court concluded that the first prong of the Ninth Circuit's pyramid scheme test was satisfied because "the FTC has submitted undisputed evidence that consumers had to pay at least one form of upfront fee—in the form of the SBH annual $49 fee, a separate VOZ annual fee, and/or an initial purchase of VOZ Travel packs—in order to participate in the VOZ Travel program." (*Id.* at 35-36.) As for the second prong of the pyramid scheme test, which addresses whether participants' rewards were largely based on recruitment (as opposed to product sales), the Court concluded it was satisfied because "[u]nlike with SBH, where Affiliates acquired products that could then be consumed or sold, with VOZ *there was no product at all*. Of note, even after the

contract with Advantage Services fell through and no product was foreseeably available, the undisputed evidence shows that the Individual Defendants continued to push Affiliates to join VOZ Travel, purchase VOZ Travel packs, and recruit others to do so." (*Id.* at 36.) During the course of this analysis, the Court repeatedly emphasized the undisputed nature of the FTC's evidence and arguments related to VOZ Travel. (*See, e.g.*, *id.* at 35 ["The Individual Defendants largely ignore the FTC's evidence and arguments related to the VOZ Travel program. Whatever the reason for this approach, it effectively dictates the outcome here—the FTC's initial evidentiary submissions are sufficient to meet its burden of production on the pyramid-scheme claim as applied to VOZ Travel and, because that evidence is essentially undisputed, it follows that the FTC is entitled to summary judgment."]; *id.* at 36-37 ["The Individual Defendants make no arguments and cite no evidence to demonstrate that there is a genuine dispute of material fact regarding VOZ Travel. . . . The Individual Defendants' failure to make any effort to defend the legality and legitimacy of VOZ Travel is telling."]; *id.* at 41 ["The FTC has established, and the Individual Defendants do not seriously dispute, that VOZ Travel operated as a pyramid scheme."].)

As for Count Two, the Court concluded the Individual Defendants' income claims regarding VOZ Travel—in which they claimed that participants could earn six- or seven-digit incomes through "Casual Effort"—were "obviously false" because "VOZ Travel did not even offer a product for sale." (*Id.* at 43.) As with Count One, the Court emphasized that the FTC's arguments and evidence on this topic were undisputed. (*Id.* at 43-44 ["The FTC is entitled to summary judgment . . . for the simple reason that the Individual Defendants do not even attempt to defend some of the categories of misrepresentations identified in the FTC's motion. As noted, the FTC specifically argues that Individual Defendants made false income claims regarding VOZ Travel. . . . The FTC contends these representations were, due to their falsity, likely to mislead consumers and material. The Individual Defendants make no effort to argue otherwise and the Court agrees."].)

As for Count Three, the Court again concluded that the FTC was entitled to

summary judgment because its evidence and arguments were undisputed. (*Id.* at 48 ["The FTC is entitled to summary judgment on Count Three. As the FTC correctly notes, liability on this claim flows from the finding of liability on Count Two, and the Individual Defendants make no effort to address this claim in their response."].)

Finally, for the sake of completeness, the Court also conducted an analysis of the SBH-related evidence and arguments bearing on Counts One and Two and concluded the FTC would not be entitled to summary judgment on those counts if it were moving solely on SBH-related grounds. (*Id.* at 37-41 [Count One]; *id.* at 46-47 [Count Two].) Nevertheless, because the VOZ Travel-related evidence and arguments provided an independent basis for granting summary judgment in the FTC's favor, the Court concluded that the FTC's motion should be granted "irrespective of the presence of any disputes of fact as to . . . SBH." (*Id.* at 42, 47.)

On September 23, 2021, the Individual Defendants filed a motion for reconsideration of the summary judgment order. (Doc. 411.) The motion was filed by the Individual Defendants' then-counsel from the Williams Commercial Law Group, LLP ("Williams"). (*Id.*)

On October 1, 2021, Williams moved to withdraw as the Individual Defendants' counsel. (Doc. 417.) That request was granted. (Doc. 419.)

On October 25, 2021, after full briefing, the Court issued an order denying the motion for reconsideration. (Doc. 427.) First, the Court concluded the motion was procedurally improper because the Individual Defendants did "not cite any new evidence or new legal authorities" and instead "simply attempt[ed] to offer new arguments in defense of the VOZ Travel program that they failed to raise in their response to the FTC's summary judgment motion," which was both "impermissible" under LRCiv 7.2(g) and foreclosed by Rule 56(e)(2), which precludes seeking "reconsideration of [a] summary judgment order by belatedly proffering evidence that was always available to [the party seeking reconsideration] in an effort to create factual disputes." (*Id.* at 7-9.) Second, and alternatively, the Court concluded that, for various reasons, "[t]he Individual Defendants'

new arguments also fail on the merits." (*Id.* at 9-11.)

On November 3, 2021, the Individual Defendants' current counsel, from The Cochell Law Firm ("Cochell"), filed a notice of appearance on their behalf. (Doc. 428.)

On February 22, 2022, the Individual Defendants, through Cochell, filed the pending Rule 54(b) motion. (Doc. 474.)[1]

On March 4, 2022, the FTC filed an opposition. (Doc. 478.)

On March 10, 2022, the Individual Defendants filed a reply. (Doc. 480.)

## ANALYSIS

The Individual Defendants seek relief under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides, in relevant part, that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."

The parties disagree about the legal standard that governs Rule 54(b) motions. The Individual Defendants contend that Rule 54(b) is an essentially standardless provision that authorizes district courts to reconsider interlocutory rulings for any reason whatsoever. (Doc. 474 at 2-3 ["Rule 54(b) does not address the standards which a court should apply when assessing a motion to revise an interlocutory order, and the Ninth Circuit has not provided a governing standard thus far. . . . In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order."].) The FTC disagrees, arguing that Rule 54(b) must be read in conjunction with Local Rule 7.2(g), which provides that motions for reconsideration should generally be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence" and must ordinarily be filed within 14 days of the order being challenged. (Doc. 478 at 1-2.) In reply, the Individual Defendants contend that Local Rule 7.2(g) is invalid because it

---

[1] The Individual Defendants' request for oral argument is denied because the issues are fully briefed and argument would not assist the decisional process. *See* LRCiv 7.2(f).

"effectively nullifies Rule 54(b)'s plain language." (Doc. 480 at 1-2.)

The FTC has the better side of these arguments. As this Court has noted in other cases, "the District of Arizona adopted Local Rule 7.2(g) to implement and supplement" Rule 54(b), and, thus, "a litigant seeking relief under Rule 54(b) must comply with Local Rule 7.2(g)'s requirements." *Parker v. Arizona*, 2019 WL 2579404, *2 (D. Ariz. 2019). Many other district courts in the Ninth Circuit have construed their local rules governing reconsideration motions in similar fashion.[2]

There is no merit to the Individual Defendants' contention that Local Rule 7.2(g) is invalid because it conflicts with Rule 54(b). A district court's power to adopt local rules is subject to the limitation that such rules "must be consistent with—but not duplicate—federal statutes and rules." Fed. R. Civ. P. 83(a)(1). Thus, "[d]istrict courts may promulgate their own local rules so long as those rules comport with the Federal Rules of Civil Procedure." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013). Local Rule 7.2(g) is valid under these standards because it is "consistent with" Rule 54(b), "does not duplicate" Rule 54(b), and "comport[s] with" Rule 54(b).

For example, Local Rule 7.2(g) provides that a motion for reconsideration should "ordinarily" be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* This is essentially the same standard a district court outside the District of Arizona—and thus not bound by Local Rule 7.2(g)—would apply when resolving a reconsideration motion under Rule 54(b). *See, e.g.*, *Lyden v. Nike Inc.*, 2014 WL 4631206, *1 (D. Or. 2014) ("Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, but several district courts in the

---

[2] *See, e.g.*, *Marketquest Grp., Inc. v. Bic Corp.*, 2014 WL 3726610, *5 (S.D. Cal. 2014) ("In addition to [Rule 54(b)'s] substantive standards, Civil Local Rule 7.1.i.1 requires a moving party to submit an affidavit or certified statement of an attorney . . . ."); *Arnold v. Melwani*, 2012 WL 4296342, *3 (D. Guam 2012) ("Several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders."); *United States ex rel. Scott v. Actus Lend Lease, LLC*, 2011 WL 13176749, *3 (C.D. Cal. 2011) ("In the Central District of California, Local Rule 7-18 supplements Rule 54(b) and states that a motion for reconsideration of the decision for any motion may only be made on [certain enumerated] grounds . . . .").

Ninth Circuit have applied standards of review substantially similar to those used under Rules 59(e) and 60(b)."). *See generally* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 77-78 (2022) ("Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b). In sum, trial courts will exercise their discretion to reconsider interlocutory rulings only when there is a good reason to do so, including (but not limited to) the existence of newly-discovered evidence that was not previously available, an intervening change in the controlling law, or a clear error rendering the initial decision manifestly unjust."). Additionally, Local Rule 7.2(g) does not enact a hard-and-fast prohibition against granting reconsideration absent a showing of manifest error or new facts and authority—it merely provides that reconsideration should "ordinarily" be denied in their absence. Nothing about this approach is inconsistent with Rule 54(b). For these reasons, the Court rejects the Individual Defendants' challenge to Local Rule 7.2(g).[3]

Applying Local Rule 7.2(g), the Individual Defendants' motion is easily denied.

---

[3] Other courts have rejected analogous challenges to local rules governing reconsideration motions. *See, e.g., Church of Scientology Int'l v. Time Warner, Inc.*, 1997 WL 538912, *4 (S.D.N.Y. 1997) ("Local Rule 3(j) does not impermissibly conflict with Rule 54(b). . . . [I]n this District, a motion to reargue or modify a prior decision must comply with the requirements of Local Rule 3(j) absent a compelling reason to waive its requirements. Accordingly, the Court retains the discretion to consider a motion for reargument notwithstanding the movant's failure to comply with Local Rule 3(j)'s requirements, but it will only exercise this discretion when justice so requires. Because the Court retains the *power* to entertain a motion for reargument, despite the movant' failure to comply with Local Rule 3(j), plaintiff's argument that Local Rule 3(j) impermissibly conflicts with Rule 54(b) is unavailing.") (citations omitted); *Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, 2015 WL 5209345, *1 (D. Haw. 2015) ("There is nothing in [Rule] 54(b) that limits the District Court's authority to promulgate a rule like L.R. 60.1 that includes timeliness requirements. . . . Federal Rule 54(b) does not dictate when that review must occur, nor does it purport to restrict district court discretion to manage reconsideration requests in the manner accomplished by L.R. 60.1."); *Scott v. City Council for City of Santa Monica*, 2017 WL 11634386, *5 (C.D. Cal. 2017) ("The Court does not read Rule 54(b) as contradicting the requirements of Local Rule 7-18. Rule 54(b) governs the propriety and timing of filing of a motion for reconsideration of an adjudicated claim while other claims are still pending; the permissible *grounds* for that motion, however, must still comply with local rules.").

The Individual Defendants are effectively seeking reconsideration of the Court's September 9, 2021 summary judgment ruling by attempting to raise new arguments and evidence they could have raised, but didn't raise, in their original response to the FTC's summary judgment motion. The Individual Defendants already tried to do this once, when filing their first reconsideration motion on September 23, 2021, and the Court noted the impropriety of that approach—both under Local Rule 7.2(g)(1) and under Rule 56(e)(2)—in the October 25, 2021 order denying reconsideration. The current motion for reconsideration fails for the same reasons and is untimely to boot—it was filed in February 2022, well after the 14-day deadline for seeking reconsideration established by Local Rule 7.2(g)(2). Although it is understandable why the Individual Defendants' new counsel, who recently joined the case, would seek to raise different arguments than their predecessors raised, this does not qualify as a permissible basis for seeking reconsideration.

Finally, putting aside these procedural infirmities, the Individual Defendants' reconsideration request also fails on the merits for the reasons stated in the FTC's response. (Doc. 478 at 4-6.)

Accordingly,

**IT IS ORDERED** that the Individual Defendants' motion for relief pursuant to Rule 54(b) (Doc. 474) is **denied**.

Dated this 28th day of March, 2022.

Dominic W. Lanza
United States District Judge