**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>   Plaintiff,<br><br>v.<br><br>James D. Noland, Jr., et al.,<br><br>   Defendants. | No. CV-20-00047-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the receiver's motion to sell the furniture, fixtures, and equipment ("FFE") being stored at the commercial office space in Las Vegas previously rented by SBM. (Doc. 479.) The motion is fully briefed. (Docs. 487, 491.)[1] For the following reasons, the motion is granted.

**DISCUSSION**

I.   The Parties' Arguments

The receiver seeks permission to sell the FFE because it is not being used, will otherwise need to be moved to and stored at a new location (at a cost of at least $17,000, which SBM cannot afford), and can be sold to a third-party buyer for around $15,000, which money can then be used to pay SBM's creditors. (Doc. 479.) The receiver acknowledges that Matthew Guccione, a former employee or independent contractor of SBM, has asserted a claim on some of the FFE but contends that Guccione's claim should

---

[1]   The Individual Defendants' request for oral argument is denied because the issues are fully briefed and argument would not assist the decisional process. *See* LRCiv 7.2(f).

not serve as an impediment to the proposed sale because (1) SBM's financial records do not reflect any payables owed to Guccione and (2) Guccione is, at any rate, at most an unsecured creditor who has no right to block the sale of the FFE. (*Id.*)

The Individual Defendants oppose the receiver's motion. (Doc. 487.) Their brief largely consists of a series of criticisms of the FTC's litigation tactics, the use of receiverships in FTC enforcement actions, and the wisdom of certain prior actions by the receiver that are unrelated to the FFE. (*Id.* at 1-7.) The Individual Defendants also contend that, because it is unlikely the FTC will be able to secure a damage award at the conclusion of this case, there is no longer any reason to maintain a receivership or allow the receiver to sell SBM's assets. (*Id.* at 3 ["If there can be no monetary recovery, the receivership should be dissolved without delay and all property returned to SBM and other companies as the ultimate owner(s) of the property."].) As for Guccione, the Individual Defendants accuse the receiver of attempting to "ignore his claim" and submit a declaration from Guccione in an attempt to show that he "is owed money from SBM." (*Id.* at 5-6.) Finally, the Individual Defendants suggest that they "can pay for storage of the property pending a decision by the Court on" their request to strike the FTC's claim for monetary damages. (*Id.* at 8.)

In reply, the receiver begins by addressing some of the Individual Defendants' broader criticisms concerning the use of receiverships and prior events in this case. (Doc. 491 at 1-4.) As for Guccione, the receiver argues that the materials submitted by the Individual Defendants confirm that Guccione pursued the FFE for SBM, which in turn establishes that "SBM owns the FF&E . . . [and] at best Guccione is a pre-receivership unsecured creditor of the Receivership estate" who "has no possessory interest in the FF&E." (*Id.* at 4-5.) The receiver also disputes the Individual Defendants' suggestion that selling the FFE would be inconsistent with the receiver's duties under the preliminary injunction, arguing that "storing these assets will quickly consume any residual value that the Receivership estate might have obtained from them" and thus "the most economically rational thing to do is sell the FF&E." (*Id.* at 5.) Finally, as for the Individual Defendants'

offer to move and store the FFE at their personal expense, the receiver notes that this offer is contingent on their ability to reach a deal with the Las Vegas landlord—something they have declined to do in response to earlier invitations from the Court—and is also unworkable for other reasons.  (*Id.* at 5-6 & n.5.)

II.     Analysis

The receiver has persuasively explained why the sale of the FFE is necessary.  The receivership is nearly out of money, the FFE is generating no income, an opportunity has arisen to sell the FFE in a manner that will be beneficial to the receivership's bottom-line financial condition, and if the FFE isn't sold, significant storage and moving costs will ensue.

The Individual Defendants' objections do not undermine the soundness of the receiver's plan.  Some of those objections are premised on the notion that the only purpose of the receivership was to safeguard assets in the event of a future monetary award (and, because a monetary award is now unlikely, there is no reason for the receivership to continue).  But as the Court has repeatedly explained in prior orders, "[t]he purpose of the receivership was not merely to preserve assets in anticipation of a future award of monetary remedies pursuant to the FTC's § 13(b) claims—to the contrary, a key reason why the Court imposed the receivership was to prevent ongoing and future harm, by ousting the Individual Defendants from their management positions in entities that were likely functioning as pyramid schemes and making false income representations."  (Doc. 412 at 6.)  As for Guccione, the evidence before the Court does not establish that he has any possessory interest in the FFE that would entitle him to block the receiver's sale proposal.  Finally, the Individual Defendants' undeveloped plan to personally pay for the moving and storage of the FFE is flawed for the reasons stated in the receiver's reply.

…

…

…

…

Accordingly,

**IT IS ORDERED** that the receiver's motion (Doc. 479) is **granted**.

Dated this 7th day of April, 2022.

Dominic W. Lanza
United States District Judge