**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D. Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court are two related motions: (1) the Individual Defendants' motion to exclude the FTC's claim for monetary damages as a Rule 37 sanction based on the FTC's purported failure to disclose its damages methodology and computations (Doc. 482); and (2) the FTC's motion for leave to file a sur-reply (Doc. 503). Both motions are fully briefed (Docs. 495, 501, 505) and neither side requested oral argument. For the following reasons, both motions are denied.

I.  The Motion To Exclude

  A.  **Relevant Background**

As the parties are aware, the FTC has asserted claims in this action against the Individual Defendants under both § 13(b) and § 19 of the FTC Act. In March 2020, during the early stages of the case, the FTC informed the Individual Defendants that it would be seeking monetary damages based on its § 13(b) claims, calculated those damages to be at least $4,759,554.81, and disclosed its methodology for arriving at that calculation. (Doc. 482-1 at 15.)

On December 23, 2020, which was the last day of the fact-discovery period (Doc. 211), the FTC updated its disclosures to clarify that its damages estimate for its § 13(b) claims had increased to $7,101,132.40 and that it was also seeking monetary damages based on its § 19 claims. (Doc. 482-1 at 35-38.) More specifically, the FTC disclosed that it was seeking $539,644.50 in § 19 damages based on the Individual Defendants' violations of the Merchandise Rule and an additional $506,338.50 in § 19 damages based on the Individual Defendants' violations of the Cooling-Off Rule. (*Id.*) These calculations were accompanied by detailed explanations of how the FTC derived each figure. (*Id.*) The $539,644.50 in Merchandise Rule damages amounted to "all of Defendants' revenues from sales for which the product sold was shipped more than 30 days after purchase (or after any other clearly and conspicuously disclosed shipment date), less any chargebacks, refunds, or commissions already paid to the purchaser that Defendants are able to specifically attribute to any of these delayed orders" and were composed of $370,130 arising from late-shipped Founders Pack orders, $27,284 arising from late-shipped rooibos tea orders, $44,157 arising from late-shipped hot cocoa orders, $25,322.50 arising from late-shipped chai tea orders, $47,955 arising from late-shipped time capsule orders, and $24,796 arising from late-shipped G-HCBD AM/PM orders. (*Id.*) Additionally, the FTC disclosed that its Merchandise Rule damages estimate was "likely to increase, perhaps substantially, in a future . . . supplement" because "the FTC has not yet been able to calculate the total amount of all delayed G-FYX shipments, nor has it identified all gaps in inventory availability that would have led to additional shipment delays." Meanwhile, the $506,338.50 in Cooling-Off Rule damages amounted to "all of Defendants' revenues from sales of SBH or SBM products or services (including event tickets) that occurred either (1) at the purchaser's home and exceeded $25 or (2) at any location other than SBH or SBM's primary place of business (for example, at hotel meeting rooms or convention centers) and exceeded $130" and the FTC advised that this figure was "likely to increase, perhaps substantially, in a future . . . supplement" because "the FTC has not yet determined which orders were placed at events (such as CTMs or other smaller gatherings) other than the

major events described above." (*Id.*)

In April 2021, the Supreme Court held in in *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021), that the FTC may not seek monetary remedies under § 13(b) of the FTC Act. Following that ruling, the FTC clarified that it would only be seeking monetary remedies in this action based on its § 19 claims. (Doc. 351.)

To that end, after the FTC obtained a grant of summary judgment in its favor on the issue of liability (Doc. 406), it moved for summary judgment on the issue of monetary remedies with respect to its § 19 claims. (Doc. 365.) In that motion, the FTC relied on the same damages methodology it has disclosed to the Individual Defendants in December 2020. Specifically, as for the Merchandise Rule violations, the FTC again sought damages based on late-shipped orders for Founders Packs, rooibos tea, hot cocoa, chai tea, time capsules, and G-HCBD AM/PM. (*Id.* at 2-4.) Although the overall amount of Merchandise Rule damages sought in the summary judgment motion ($630,377) was slightly higher than the figure disclosed in December 2020 ($539,644.50), the increase did not arise from a change in the FTC's methodology but simply from the identification of more late-shipped orders for hot cocoa, rooibos tea, chai tea, and G-HCBD AM/PM than had previously been identified. (*Id.*) Similarly, as for the Cooling-Off Rule violations, although the amount of damages sought in the summary judgment motion ($526,488.50) was slightly higher than the figure disclosed in December 2020 ($506,338.50), the methodology was the same. (*Id.* at 7-10).

On November 23, 2021, the Court issued an order denying the FTC's motion for summary judgment as to §19 monetary remedies. (Doc. 438.) In a nutshell, the Court concluded that "the all-or-nothing methodology presented in the FTC's motion papers [with respect to the Merchandise Rule violations] is flawed because it fails to account for the inherent value of the product that consumers ultimately received, even if the product was shipped late" and that the methodology underlying the FTC's claim for Cooling-Off Rule damages was flawed for similar reasons: "[T]he fundamental problem with the FTC's damages methodology is that it fails to account for the inherent value of the products and

services received by consumers, thereby creating a windfall. . . . [The FTC] seeks to secure a monetary award that would allow each consumer to recoup the full purchase price while retaining the underlying goods and services." (*Id.* at 7, 14.)

B. **The Parties' Arguments**

The Individual Defendants contend that the FTC has not disclosed any new damages calculations or a new damages methodology since the issuance of the November 2021 summary judgment order. (Doc. 482 at 4.) The Individual Defendants also contend that "any attempt by the FTC to create a damages theory pursuant to its [§ 19] rule violations would require substantial discovery, depositions and analysis of damages." (*Id.* at 8.) Thus, the Individual Defendants argue that, under Rules 26 and 37 of the Federal Rules of Civil Procedure, "the Court [should] exclude all damages related to or concerning the FTC's claims under Section 19 of the FTC Act." (*Id.* at 10.)

The FTC opposes the Individual Defendants' motion. (Doc. 495.) The FTC contends that no disclosure violation has occurred—and thus sanctions are unavailable under Rules 26 and 37—because it provided a timely, detailed disclosure of its § 19 damages computations to the Individual Defendants in December 2020 and intends to rely on the same methodology and computations at trial. (*Id.* at 1-3.) The FTC contends that the Individual Defendants' "actual argument appears to be that the FTC cannot prove, or is not otherwise entitled to recover, the disclosed monetary relief" and argues that because the "Individual Defendants did not move for summary judgment, . . . the FTC's ability to prove the proper amount of monetary relief is therefore a question for trial." (*Id.*) In an abundance of caution, the FTC then provides a detailed explanation of why it believes it will prevail on its disclosed theory of damages at trial, notwithstanding the comments in the November 2021 summary judgment order. (*Id.* at 4-17.)

In reply, the Individual Defendants begin by accusing the FTC of seeking reconsideration of the November 2021 summary judgment order and argue that various findings in that order constitute "the law of the case." (Doc. 501 at 1-3.) Next, the Individual Defendants argue that the FTC's previous disclosures were inadequate because

- 4 -

they failed to identify the individual consumers who were purportedly harmed by the Merchandise Rule and Cooling-Off Rule violations. (*Id.* at 4-5.) According to the Individual Defendants, it would constitute trial by ambush to allow the FTC to identify such consumers for the first time at trial. (*Id.*) Next, the Individual Defendants seek to distinguish some of the cases cited in the portion of the FTC's brief defending the merits of its damages methodology. (*Id.* at 6-7.) Next, the Individual Defendants take issue with the FTC's arguments regarding SBH's purportedly poor records related to refund requests and shipping delays, arguing that they maintained various systems for tracking those issues that were dismantled by the receiver. (*Id.* at 7-9.) Next, the Individual Defendants argue that the FTC's "no inherent value" theory should be rejected because it was not properly disclosed and is foreclosed by the Ninth Circuit's decision in *Figgie*. (*Id.* at 9.) Finally, the Individual Defendants identify various reasons why the FTC's methodology for calculating Cooling-Off Rule damages should be rejected on the merits. (*Id.* at 10-11.)

       C     **Legal Standard**

As noted, the Individual Defendants seek the imposition of an exclusion sanction under Rules 26 and 37 of the Federal Rules of Civil Procedure. (Doc. 482 at 1, 10.) The Individual Defendants do not, however, specify which subdivision of Rule 37 gives rise to their sanction request.

The relevant provision here is likely Rule 37(b) rather than Rule 37(c)(1). This is because this case was filed in January 2020 and is thus subject to the District of Arizona's Mandatory Initial Discovery Pilot Project ("MIDP"), which applies to most civil cases filed between May 1, 2017 and May 1, 2020. *See* D. Ariz. G.O. 17-08. Among other things, the MIDP requires each party to "[p]rovide a computation of each category of damages claimed by you . . . and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered." *Id.* ¶ B(5). The MIDP further provides that "[t]he discovery obligations addressed in this General Order supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent

authority to manage cases." *Id.* at 1. *See also id.* ¶ A(2) ("The responses are called for by the Court, not by discovery requests actually served by an opposing party."). Accordingly, a request for sanctions based on the failure to disclose information required by the MIDP (including damages computations) is likely governed by Rule 37(b)(2)(A), which authorizes the imposition of sanctions for "fail[ing] to obey [a court] order to provide or permit discovery," rather than Rule 37(c)(1), which authorizes the imposition of sanctions against "a party [that] fails to provide information ...as required by Rule 26(a) or (e)."[1]

Nevertheless, regardless of whether the Individual Defendants' request is governed by Rule 37(b) or Rule 37(c)(1), they bear the initial burden of demonstrating that the FTC failed to comply with the applicable disclosure requirement. *SiteLock LLC v. GoDaddy.com LLC*, 2021 WL 2895503, *5-6 (D. Ariz. 2021).

D. **Discussion**

The FTC has clarified that it intends to rely at trial on the same § 19 damages methodology and computations that it timely disclosed to the Individual Defendants in December 2020 and then advanced during the summary judgment process. To the extent the Individual Defendants believe that the FTC's plan to establish, at trial, that certain consumers were harmed by the Rules violations constitutes a change to the FTC's disclosed methodology, the Court disagrees. The FTC has consistently stated that it seeks to recover, as damages, all revenues associated with certain transactions tainted by Rules violations and the anticipated consumer-harm evidence is consistent with that theory (and has no effect on the FTC's bottom-line damages computations).

For these reasons, there has been no disclosure violation that might give rise to the imposition of an exclusion sanction under Rule 37(b) or Rule 37(c)(1). Although the parties spill much ink debating whether the FTC will ultimately be able to prevail on its § 19 damages theory at trial, that issue is not properly before the Court at this juncture—

---

[1] Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Thus, a failure to disclose damages computations is ordinarily (*i.e.*, in cases not governed by the MIDP) treated as a violation of Rule 26(a) that is sanctionable under Rule 37(c)(1).

- 6 -

the summary judgment deadline expired long ago and the only relief sought in the Individual Defendants' motion is an exclusion sanction under Rule 37 based on late disclosure. Had the FTC attempted to formulate a new damages methodology in the wake of the November 2021 summary judgment ruling, Rule 37 might be implicated, but the FTC has not done so.

II.     The Motion For Leave To File A Sur-Reply

As noted above, one section of the Individual Defendants' reply brief discussed SBH's records related to refund requests and shipping delays. (Doc. 501 at 7-9.)

The FTC has filed a motion for leave to file a sur-reply addressing those arguments. (Doc. 503.) The FTC contends that, because its response brief "made no mention of Individual Defendants' customer-support ticketing system" and the reply brief's discussion of this system contains "misstatements . . . which [the Individual Defendants] have refused to correct," it should be given an opportunity to set the record straight. (*Id.* at 1.) To that end, the FTC has submitted a proposed sur-reply. (Doc. 504.) The Individual Defendants oppose the FTC's request, arguing that the statements in the reply brief regarding the ticketing system were properly raised in response to arguments in the FTC's response brief. (Doc. 505.) The FTC did not file a reply in support of its request.

The FTC's motion is denied for the simple reason that the Court did not rely on the statements in the reply brief regarding the ticketing system when resolving the Individual Defendants' request for an exclusion sanction under Rule 37. Thus, there is no need to authorize further briefing on that issue.

…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

1. The Individual Defendants' motion for sanctions (Doc. 482) is **denied**.

2. The FTC's motion for leave to file a sur-reply (Doc. 503) is **denied**.

Dated this 29th day of June, 2022.

                                                          Dominic W. Lanza
                                                          United States District Judge