**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Individual Defendants' motion for protective order. (Doc. 506.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

Under the terms of the preliminary injunction issued at the outset of this case, the Individual Defendants are free to start a new business—they simply must provide notice of their intent to do so. (Doc. 109 at 11.) However, the preliminary injunction places certain limits on how any new business may be operated. (*Id.* at 3-4.) For example, it bars the Individual Defendants from making any material misrepresentations of fact in the course of operating a new business. (*Id*. at 4.)

These provisions have already generated several rounds of motion practice. On October 8, 2020, the Individual Defendants filed a motion explaining that they intended to start a new travel business called TravelNU but were concerned the FTC would view this business as violative of the preliminary injunction. (Doc. 213.) Thus, the Individual Defendants sought "the court's imprimatur so [they] can proceed without fear that the FTC

will drag this new, unrelated business activity into this case." (*Id.* at 3.)

On November 13, 2020, the Court issued an order denying this request. (Doc. 231.) The Court explained: "TravelNU International is a nonexistent business whose hypothetical activities are not the subject of any case or controversy. Any 'approval' given by this Court would therefore amount to an improper advisory opinion. There is nothing the Court can or would do to prevent the Individual Defendants from legally earning income in a way that does not violate the preliminary injunction, but the Court will not opine *ex ante* on the legality of a hypothetical business arrangement summarized by counsel in two pages of a motion." (*Id.* at 6, citations omitted.)

Next, on February 9, 2022, the Individual Defendants attempted to file, under seal, a motion for a protective order related to TravelNU. (Doc. 466.) Among other things, the lodged motion stated that the FTC had accused the Individual Defendants of "violat[ing] the Preliminary Injunction to develop the TravelNU platform" and appeared to be in the process of issuing subpoenas to certain TravelNU vendors. (*Id.* at 11-13.) Fearing that the issuance of these subpoenas would "likely destroy[] TravelNU," the Individual Defendants asked the Court to issue a protective order "refus[ing] to re-open discovery or, in the alternative, allow[ing] discovery after TravelNU has been operating for at least six months." (*Id.* at 13-15.) In a lodged response, the FTC argued there was no need for the requested protective order because, *inter alia*, "discovery in this case is closed, and further subpoenas would require leave of Court." (Doc. 475 at 1. *See also id.* at 13 ["An order prohibiting discovery is moot because discovery is closed."].)

On March 29, 2022, the Court issued an order explaining that it would not rule on the Individual Defendants' lodged request for a protective order related to TravelNU because the Individual Defendants had improperly attempted to file the request (and other requests) entirely under seal. (Doc. 490.) The order continued: "The Individual Defendants are . . . free to draft and file a new motion that seeks more targeted relief with respect to . . . a protective order. . . . [A]ny request for affirmative relief should be set forth in a motion filed in the public record." (*Id.* at 12.)

On May 16, 2022, the Individual Defendants filed the pending motion for a protective order.  (Doc. 506.)[1]

On May 27, 2022, the FTC filed a response.  (Doc. 507.)

On June 3, 2022, the Individual Defendants filed a reply.  (Doc. 508.)

## DISCUSSION

I.    The Parties' Arguments

The Individual Defendants seek "an Order that allows TravelNU and Defendants to open their business to the public without threat by the FTC that it will move to hold Defendants and their counsel (as well as the service provider) in contempt for violations of the Court's Order."  (Doc. 506 at 1.)  The motion explains that the Individual Defendants provided an amended notice to the FTC in January 2022 that disclosed their intention to operate TravelNU as a new business, only for the FTC to express various concerns with the legality of the proposed business.  (*Id.* at 3-7.)  According to the Individual Defendants, the FTC has repeatedly refused to disclose the documentation substantiating its purported concerns and has also "threaten[ed] to hold everyone working on TravelNU in contempt, including the undersigned and the travel provider."  (*Id.*)  In the Individual Defendants' view, these tactics show that the FTC is "not engaging in a good faith discussion about the website."  (*Id.* at 6.)  The Individual Defendants also contend that, to the extent the FTC's concerns arise from whether the identity of TravelNU's travel vendor is a trade secret owned by Success by Media, these concerns are unfounded.  (*Id.* at 7-11.)  Given this backdrop, the Individual Defendants argue that the FTC should not be allowed to "review a website, declare that it violates Section 5 [of the FTC Act], refuse to provide support for its conclusions, and then blindside Defendants with new contempt claims if they operate their business" and that "[t]he agency should not be allowed to hold TravelNU hostage by refusing to engage in good faith discussions about the TravelNU website.  The Court should prohibit any further threats of contempt and prohibit any attempt by the FTC to add new

---

[1]    The Individual Defendants' request for oral argument is denied because the issues are fully briefed and argument would not aid the decision process.  *See* LRCiv 7.2(f).

- 3 -

contempt claims against Defendants and counsel." (*Id.* at 11-14.)

The FTC opposes the Individual Defendants' motion. (Doc. 507.) According to the FTC, the motion "is premised entirely on the FTC asking questions about [the Individual Defendants'] plans to relaunch their shuttered travel business and noting concerns about its lawfulness" and relies "exclusively on these spurious claims of bad faith" to "seek blanket immunity for all past, present, and future violations of the Court's Preliminary Injunction and its 2002 Permanent Injunction against Jay Noland." (*Id.* at 1.) The FTC explains that it "has not asked the Court to find [the] Individual Defendants in contempt of the Preliminary Injunction and does not attempt to prove contempt here. Nevertheless, to respond to the charges of bad faith, the FTC summarizes below its good-faith concerns. The Preliminary Injunction prohibits Defendants from: (1) misrepresenting any material fact, (2) using Receivership assets, and (3) using the customer list from their prior frauds. The FTC is concerned that Individual Defendants are violating, or will soon violate, these provisions by: (1) making material claims regarding travel savings without any factual basis, (2) using the 'needle in the haystack' vendor they identified for the Corporate Defendants (*i.e.*, a Receivership asset), and (3) marketing TravelNU as a VOZ replacement to their prior victims." (*Id.* at 4.) At any rate, the FTC argues that the motion only seeks two discrete forms of relief, that the first (an order barring the FTC from moving for contempt, or even noticing an intent to do so) is unjustifiable and would lead to perverse results, and that the second (an order prohibiting discovery) is unnecessary because discovery is already closed. (*Id.* at 7-8.)

In reply, the Individual Defendants largely focus on establishing why the FTC's concerns over the legality of TravelNU are unfounded. (Doc. 508 at 1-7.) The Individual Defendants also accuse the FTC of creating a "moving target" with respect to those concerns, which amounts to bad faith. (*Id.*) The Individual Defendants conclude that they "simply ask the Court to fashion relief that either sanctions and deters the FTC from bad faith dilatory tactics or requires the FTC to act in good faith." (*Id.* at 8.)

…

II.     Analysis

The current motion is similar, in many respects, to the Individual Defendants' October 2020 motion related to Travel NU. There, the Individual Defendants asked this Court to place its "imprimatur" on the TravelNU business model so they could operate TravelNu "without fear that the FTC will drag" them into court based on allegations of illegality. (Doc. 213 at 3.) The Court denied this request, explaining that it would be inappropriate to "opine *ex ante* on the legality of a hypothetical business arrangement." (Doc. 231 at 6, citations omitted.)

That is essentially what the current motion again asks the Court to do. Once again, the Individual Defendants express concern that the FTC will improperly accuse them of illegality with respect to TravelNU and thus seek prophylactic relief to shield them from any such accusation. Once again, this request is premature and improper. Should the FTC file a future motion to hold the Individual Defendants in contempt based on their operation of TravelNU, the Individual Defendants will have a full and fair opportunity to establish that the FTC's allegations of impropriety are unfounded. Additionally, if the Individual Defendants believe the allegations are not just unfounded but brought in bad faith, they will have an opportunity to develop that claim and seek appropriate relief based upon it. But the Court will not get involved at this juncture and preclude the FTC from initiating (or even considering initiating) future claims related to TravelNU. Finally, to the extent the motion includes a request to preclude the FTC from promulgating discovery related to TravelNU, that request is moot. Discovery in this case has long been closed and there are no pending discovery requests.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that the Individual Defendants' motion for protective order (Doc. 506) is **denied**.

Dated this 8th day of August, 2022.

Dominic W. Lanza
United States District Judge