EVAN M. MENDELSON, DC Bar No. 996765
JONATHAN W. WARE, DC Bar No. 989414
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2726; jware1@ftc.gov (Ware)

Attorneys for Plaintiff Federal Trade Commission

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>James D. Noland, Jr., *et al.*,<br><br>　　　　Defendants. | No. CV-20-0047-PHX-DWL<br><br>**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS' OBJECTIONS TO PROPOSED FINAL ORDER AND COURT'S ORDER REGARDING RULE 54(b)** |

　　　　Pursuant to the Court's Order dated June 5, 2023 (Doc. 582), the FTC files this response to Individual Defendants' objections to the FTC's Proposed Final Order. The FTC also responds to the Court's Order regarding the propriety of entering a final judgment, pursuant to Federal Rule of Civil Procedure 54(b), against the Individual Defendants.

**I.    Response to Individual Defendants' Objections**

　　**A.    Section X(D) – Disposition of Funds Remaining After Consumer Redress**

　　　　Individual Defendants object to language the FTC did not propose. They ask the Court to remove language purportedly directing that any "money not used for . . . equitable relief . . . be deposited to the U.S. Treasury." (Doc. 581 at 2.) That language, however, is not in the FTC's Proposed Final Order. (Doc. 580-1.)

Individual Defendants also appear to object to the FTC's Proposed Final Order's language permitting the FTC to apply any money remaining after consumer redress to "such other equitable relief (including consumer information remedies) as [the FTC] determines to be reasonably related to Defendants' practices alleged in the Complaint." (Doc. 580-1 at 19; Doc. 581 at 2.)  Without conceding the merits of Individual Defendants' argument, the FTC has removed this language.  The FTC, however, objects to Individual Defendants' proposal to include in the Final Order language directing the FTC to return funds not used for consumer redress to the Individual Defendants.  (Doc. 581 at 2.)  Individual Defendants' request is premature.  If the FTC collects the entirety of the Court's $7.3 million monetary judgment and has money left over after administering and paying consumer redress, it will either return that money to the Individual Defendants or ask the Court for permission to use the funds for some other purpose.  At this point, the Court need not resolve this issue.

**B.     Section II – "Chain Referral Scheme"**

Individual Defendants object that the term "chain referral scheme" in Section II of the Proposed Final Order is "undefined and therefore vague and unenforceable."  Without conceding a definition is required, the FTC proposes defining a chain referral scheme to mean a "program that is characterized by the payment of consideration by a new recruit to join the program, in return for which the recruit obtains the right to receive compensation for recruiting others into the program."

The attached modified Proposed Final Order incorporates this definition and the FTC's proposed revision to Section X(D), described above.  For the Court's convenience, the FTC has attached a redline comparing this modified Proposed Final Order to the Proposed Final Order the FTC submitted in advance of trial.  (Doc. 530-1.)

**II.  Entry of Final Order Against Individual Defendants Under Rule 54(b)**

In its June 5 Order, the Court explained its view that "it is unclear whether the entry of the final order [against the Individual Defendants] would be premature at this time, given the existence of unresolved claims against the Corporate Defendants."  (Doc. 582 at 2.)  Without prejudicing its ability to move for entry of such a final order later, the FTC does not plan to do so at this time.  Rather, the FTC intends to expeditiously reach a settlement with the Receiver for the Corporate Defendants, which will resolve the FTC's claims against the Corporate Defendants and allow the Court to enter a final order against the Individual Defendants.

Dated:  June 12, 2023

Respectfully submitted,

/s/ Evan M. Mendelson
EVAN M. MENDELSON, DC Bar No. 996765
JONATHAN W. WARE, DC Bar No. 989414
Federal Trade Commission
600 Pennsylvania Ave. NW
Mailstop CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2726; jware1@ftc.gov
(202) 326-3197 (Fax)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION