**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

This case was filed on January 8, 2020 (Doc. 1) and terminated on September 18, 2023 (Docs. 593, 596). The Individual Defendants appealed, challenging only certain aspects of the relief, and on November 24, 2025, the Ninth Circuit affirmed. (Doc. 617-1.) The mandate has now issued. (Doc. 617.)

On March 2, 2026, the Individual Defendants filed a Rule 60(b) motion. (Doc. 618.) The Court ordered a response (Doc. 619), and the FTC responded (Doc. 620).

On March 23, 2026, the Individual Defendants filed a motion for recusal (Doc. 623), an oversized "emergency" motion to stay the judgment pending resolution of the Rule 60(b) motion (Doc. 625), and a motion seeking leave to exceed the page limitation for the stay motion (Doc. 624).

Regarding the recusal motion, the Individual Defendants do not cite any case holding that recusal is warranted whenever a litigant files a Rule 60(b) motion premised on allegations of fraud committed by a court-appointed receiver. Rather, they attempt to distinguish *Liteky v. United States*, 510 U.S. 540 (1994). *Liteky* holds that "opinions

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. The Individual Defendants do not attempt to point out any display of "deep-seated favoritism or antagonism" by the undersigned judge—indeed, they state that they "do not contend that this Court harbored any actual bias against them" and move for recusal only because "the fraud upon the court claims now presented require this Court to make findings that are in direct tension with express factual findings already made in this Court's own published rulings" and due to the alleged "structural conflict" that arises when a court-appointed receiver is accused of fraud. (Doc. 623.) The Court is unaware of any legal authority suggesting that recusal is necessary in this circumstance. *Cf. S.E.C. v. Princeton Economics Int'l, Inc.*, 199 F. Supp. 3d 113 (S.D.N.Y. 2002) (denying recusal request even though the movant sought to raise claims of misconduct by a court-appointed receiver). Nor have the Individual Defendants identified any authority supporting their position—*In re Boston's Children First*, 244 F.3d 164 (1st Cir. 2001), is inapposite because the recusal request in that case stemmed from the judge's decision to participate in an on-the-record interview with a newspaper reporter to discuss a ruling in the underlying case. *Id.* at 166. Thus, the motion for recusal is denied.

Accordingly,

**IT IS ORDERED** that the recusal motion (Doc. 623) is **denied**.

**IT IS FURTHER ORDERED** that the motion to exceed page limitation (Doc. 624) is **granted**.

Dated this 24th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -