**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-20-00047-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| James D Noland, Jr., et al., | |
| Defendants. | |

Judgment was entered in this case in September 2023. (Doc. 596.) In November 2025, the Ninth Circuit affirmed. (Doc. 617-1.) In January 2026, the mandate issued. (Doc. 617.)

Since the issuance of the mandate, the Individual Defendants have filed an array of motions and other requests. For example, in March 2026, the Individual Defendants moved to alter or amend the judgment (Doc. 618) and to stay enforcement of the judgment (Doc. 625). The Court denied both motions. (Doc. 633.) The Individual Defendants are now pursuing an appeal of that ruling. (Doc. 634.) Many of the Individual Defendants' subsequent filings were stricken. (Doc. 656.) Additionally, Individual Defendants Scott A. Harris and James D. Noland, Jr. recently filed for bankruptcy. (Docs. 655, 659.)

Now pending before the Court are two more motions filed by the Individual Defendants: (1) a "motion to compel consumer redress accounting and for limited stay" (Doc. 663); and (2) "motion for relief from judgment for fraud upon the Court under Rule 60(d)(3), for indicative ruling under Rule 62.1, and for limited stay, accounting, and

receivership-record relief" (Doc. 664). The FTC has now responded to both motions (Docs. 665, 666) and the Individual Defendants have filed replies (Docs. 667, 668). The Court concludes that oral argument is unnecessary and denies both motions.

As an initial matter, it is unclear whether the pending motions are even properly before the Court in light of the Individual Defendants' ongoing Ninth Circuit appeal and the recent bankruptcy filings by two of the Individual Defendants. At any rate, both motions also fail on the merits. As for the first motion, the Individual Defendants did not make a timely request to include a "consumer redress accounting" requirement in the final judgment, did not object to the final judgment's purported failure to require this type of accounting, and did not challenge this aspect of the final judgment in their initial appeal to the Ninth Circuit. Nor have the Individual Defendants identified any significant change in the facts or law that would justify amending the judgment now—nearly three years after it was entered—to belatedly include this type of requirement. In any event, there are already adequate safeguards in place that eliminate the need for the requested accounting procedure.

As for the second motion, "[a] court's power to grant relief from judgment for fraud on the court [under Rule 60(d)(3)] stems from a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry. However, the Supreme Court has noted that out of deference to the deep-rooted policy in favor of the repose of judgments . . . , courts of equity have been cautious in exercising this power. Thus, relief from judgment for fraud on the court is available only to prevent a grave miscarriage of justice. Our own cases, similarly, have emphasized that not all fraud is fraud on the court. In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process. Fraud on the court must be an intentional, material misrepresentation. Thus, fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision. In addition, the relevant misrepresentations

must go to the central issue in the case and must affect the outcome of the case. In other words, the newly discovered misrepresentations must significantly change the picture already drawn by previously available evidence." *United States v. Sierra Pacific Industries, Inc.*, 862 F.3d 1157, 1167-68 (9th Cir. 2017) (cleaned up). Additionally, "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment. This limitation arises because issues that are before the court or could potentially be brought before the court during the original proceedings could and should be exposed at trial." *Id.* at 1168 (cleaned up).

The Individual Defendants have not come close to satisfying this demanding standard, for the multiple reasons identified in the FTC's response brief. (Doc. 665 at 7-8.) The Individual Defendants are simply attempting to relitigate a factual issue that the Court resolved, after careful consideration, in its findings of fact and conclusions of law issued following the bench trial. (Doc. 579 at 17 & n.13.) The Individual Defendants' most recent submissions do not persuade the Court that the findings and conclusions reached therein were incorrect, let alone that relief is necessary to prevent a grave miscarriage of justice; that there were any intentional, material misrepresentations or an unconscionable plan or scheme designed to improperly influence the Court; or that the challenged representations go to the central issue in the case.

Accordingly,

**IT IS ORDERED** that:

1. The Individual Defendants' "motion to compel consumer redress accounting and for limited stay" (Doc. 663) is **denied**.

2. The Individual Defendants' "motion for relief from judgment for fraud upon the Court under Rule 60(d)(3), for indicative ruling under Rule 62.1, and for limited stay, accounting, and receivership-record relief" (Doc. 664) is **denied**.

Dated this 21st day of July, 2026.

Dominic W. Lanza
United States District Judge

- 3 -