**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br>Plaintiff,<br>v.<br>James D Noland, Jr., et al.,<br>Defendants. | No. CV-20-00047-PHX-DWL<br>**ORDER** |

On September 14, 2026, Coinbase, Inc. ("Coinbase") filed an answer to the FTC's writ of continuing garnishment, stating that it held cryptocurrency assets for Judgment Debtor James D. Noland, Jr. ("Judgment Debtor") valued at approximately $168,000. (Doc. 696.) On September 25, 2026, the Judgment Debtor and his spouse, Lina Noland (together, "the Nolands"), filed objections to Coinbase's answer. (Doc. 697.) Among other things, the objections stated that Lina Noland "asserts her community-property interest in the cryptocurrency." (*Id.* at 4.) The objections also specified that "James requests determination on the written record without oral argument. If the Court determines that a hearing under 28 U.S.C. §§ 3014(b)(2) or 3205(c)(5) is necessary to resolve or preserve his objections, James requests such hearing only in the alternative." (*Id.* at 5.)

On October 6, 2026, the FTC filed a response to the Nolands' objections. (Doc. 703.) Among other things, the FTC explained why the community-property objection was meritless. (*Id.* at 4-5.)

In an October 8, 2026 order, the Court overruled the Nolands' objections for the

reasons identified by the FTC, authorizing the Judgment Debtor to apply the exemption in 11 U.S.C. § 522(d)(5) and ordering Coinbase to disburse the remaining, non-exempt funds to the FTC. (Doc. 704.)

That same day, after the order was docketed, the Clerk's office docketed a reply brief that the Nolands had apparently mailed to the Clerk's office on October 7, 2026. (Doc. 705.) In the reply, the Nolands belatedly request a hearing and belatedly assert that Lina Noland has a "separate-property" interest in the cryptocurrency. (*Id.* at 3-5.)[1] A few days later, on October 13, 2026, the Nolands filed (1) an emergency motion to stay the October 8, 2026 order (Doc. 707); and (2) a motion for reconsideration of the October 8, 2026 order (Doc. 708). On October 23, 2026, the FTC filed a response in opposition to the Nolands' two motions. (Doc. 709.) On October 26, 2026, the Nolands filed a motion for leave to file a reply (Doc. 710) and lodged their proposed reply (Doc. 711).

The Nolands are not entitled to relief. The October 8, 2026 order correctly concluded that the community-property objection they asserted in their objections was meritless (for the reasons set forth in the FTC's response). No hearing was necessary because the Nolands did not affirmatively request one (and the Court did not determine that a hearing was otherwise necessary). To the extent the Nolands purport to request a hearing and advance a new separate-property theory for the first time in their reply brief (which was not docketed until after the entry of the October 8, 2026 order), those requests lack merit because (1) a reply is not authorized in this circumstance, *see* 28 U.S.C. § 3205; and (2) regardless, it is hornbook law that "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

…

…

---

[1] Although the phrase "separate-property exception" does appear in passing in the original objections (Doc. 697 at 4), it appears within the portion of the brief addressing Lina Noland's assertion of a "community-property interest in the cryptocurrency." (*Id.*) "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009).

Accordingly,

**IT IS ORDERED** that:

1. The Nolands' emergency motion for stay (Doc. 707) is **denied**.

2. The Nolands' motion for reconsideration (Doc. 708) is **denied**.

3. The Nolands' motion for leave to file a reply (Doc. 710) is **denied**.

Dated this 30th day of October, 2026.

Dominic W. Lanza
United States District Judge